**HAUGHTON ELEVATOR COMPANY,**
**Plaintiff,**

v.

**DONATA CORPORATION, Defendant.**
**Civ. A. No. 3523.**

United States District Court
E. D. Virginia,
at Alexandria.
Aug. 9, 1966.

James R. Treese, Alexandria, Va., for Haughton Elevator Co.

Karl G. Sorg, Falls Church, Va., for Donata Corp.

## MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

This is a controversy growing out of business dealings between Haughton Elevator Company and the Donata Corporation.

The case was heard without a jury. The Court's findings and conclusions are as follows.

Donata, the defendant corporation, called for bids from elevator companies for the construction and installation of elevators in a building to be built in Arlington, Virginia.

The plaintiff, Haughton Elevator Company, responded by submitting its bid some time prior to July 1, 1963.

Under date of July 1, 1963 the Donata Corporation wrote the Haughton Elevator Company as follows:

"Kindly consider this letter your order to proceed with drawings and fabrication of the three (3) passenger elevators to be installed in subject building for the sum of One Hundred Forty-one Thousand ($141,000.00) Dollars, pending working out final details such as delivery, completion, and complete elevator details by you to enable us to issue our formal purchase order."

Thereafter the Haughton Elevator Company proceeded with the drawings for and fabrication of the three elevators, some of the material being ordered from subcontractors.

On August 20, 1963 Haughton Elevator Company contacted its Washington office requesting a more formal agreement than the letter of July 1, 1963. In this letter Haughton raised some question about credit approval and the balance owed by the Lynn Equipment Company on a previous elevator installation.

Shortly thereafter a more formal contract was submitted by the Rosslyn Construction Company, Inc.—not Donata Corporation, the signer of the July 1st letter.

Haughton responded October 7th with several suggested changes. Further correspondence was had between the parties, including a minor change in the lobby indicators on October 8th and accelerated work requiring overtime on October 11, 1963. Additional drawings were submitted to the defendant's architect from time to time.

Haughton, according to its former Washington representative, would not sign the formal contract until satisfactory arrangements were made re payment of the balance due on the Lynn Equipment Company contract.

Under date of November 13th the Rosslyn Construction Company informed Haughton as follows:

"Since your office has delayed in signing our contracts some three months, we feel no obligation to pro-

**960**

ceed any further with the elevators for the Donata Building. * * *

"It has become apparent to this office that due to the improper and totally unsatisfactory elevator equipment in the Lynn Building * * *, that further negotiations with Haughton Elevator Company concerning the Donata Building would be inadvisable at this time."

Upon receipt of this letter Haughton stopped all work and accumulated cancellation charges totaling $4,090.35.

Haughton claims damages in this amount plus $14,100.00 for loss of profits (ten per cent of the original $141,000.00 contract).

The defendant counterclaimed for $18,603.00 for breach of contract and for other losses for which it offered no proof.

Both of these parties are very experienced in the construction field. Either could have had a completed contract for the work in question had either wanted a binding contract.

Donata could have accepted Haughton's bid unconditionally. Instead, it elected to authorize Haughton to proceed with drawings and fabrication subject to delivery dates, completion and complete elevator details to enable it to issue a formal purchase order.

Haughton clearly indicated, as late as August 20th, that it would go no further pending receipt of some kind of a contract.

Each stalled for various reasons in the signing of the formal contract, and it is clear that neither intended to be bound or to bind the other absent this formal contract. At best Donata only authorized Haughton to proceed with drawings and fabrication. Under these circumstances Haughton is entitled only to the fair market value of its work on a quantum meruit basis. The itemized claim for this work totals $4,090.35. Haughton will be awarded a judgment in that amount.

Haughton's claim for loss of profits and Donata's counterclaim will be dismissed.

Counsel for the plaintiff should prepare an appropriate judgment order in accordance with this memorandum opinion, submit it to counsel for the defendant for approval as to form, and it will be entered accordingly.