# Richmond

## ROGER O. MOORE v. I. J. BREEDEN, ET AL.

June 10, 1968.

Record No. 6710.

Present, All the Justices.

*Paul B. Ebert; Robert B. Harris (Gibson, Hix, Millsap & Hansbarger,* on brief), for plaintiff in error.

*H. Selwyn Smith* for defendant in error.

GORDON, J., delivered the opinion of the court.

Roger O. Moore brought this action to recover $285,850 from I. J. Breeden under a contract for the construction of houses and apartments in the Deer Park subdivision in Prince William County. Bree-

den filed a special plea asserting that because Moore was not a licensed contractor as required by Code § 54-128, his right to recover was barred by Code § 54-142. After hearing evidence the court sustained the plea and dismissed Moore's motion for judgment.

Moore does not contend that he had the license required by Code § 54-128 when the contract was made. So we have one issue to decide, whether Code § 54-142 bars his cause of action.

Code § 54-142 provides in material part:

"Any person not being duly authorized who shall contract for or bid upon the construction of any of the projects or works or any part thereof enumerated in § 54-113 [which broadly defines work done by contractors and subcontractors], without having first complied with the provisions hereof [the registration and licensing requirements of the act] . . . shall be deemed guilty of a misdemeanor.

"*Provided that no person shall be entitled to assert this section as a defense to any action at law or suit in equity unless such person shall first affirmatively prove that notice of this section, prior to or upon the execution of the contract, has been given to the party who seeks to recover from such person.*

"Provided, further, that nothing herein contained shall affect any contract entered into prior to July one, nineteen hundred fifty-six." (Emphasis supplied.) Va. Code Ann. § 54-142 (1967 Repl. vol.).

Moore constructed the buildings pursuant to an oral contract with Breeden. The date of the contract is not precisely identified in the record but the trial judge, who sat without a jury, found as a fact that it was made after August 1, 1963 (a date to be mentioned in the next paragraph).

On July 1, 1963 Moore applied to the State Registration Board for Contractors for a license as a masonry contractor. On July 19, 1963 the Executive Secretary of the Board wrote to Breeden, advising him that Moore had applied for a license and asking for information about Moore's "ability, quality of work, and reputation for carrying out obligations". Breeden responded by letter of July 31, 1963, in which he advised the executive secretary: "Mr. Moore has done a considerable amount of work for us and we have found him to be very satisfactory. We like his work and the manner in which he operates." On July 26, 1963 the Board denied Moore's application, and on

August 1, 1963 its executive secretary notified him of that fact. Breeden said he was not notified of the Board's action, but the trial court found as a fact that Breeden knew, before he made the contract with Moore, that the Board had denied Moore's application for a license.

Moore testified that he began construction under the contract on September 20, 1963. Thereafter he filed three other applications, which the Board denied. On August 1, 1964 the Board, acting on another application, licensed Moore as a masonry contractor. Subsequently it granted two renewals of the license, the last on January 3, 1966. Moore ceased work on the project, upon advice of his counsel, on June 29, 1965.

In *Bowen Elec. Co.* v. *Foley*, 194 Va. 92, 72 S.E.2d 388 (1952), this Court held that a contractor, who failed to obtain the license required by Code § 54-128 before the contract was made, could not recover under the contract or on *quantum meruit*. The Court followed the established rule that a contract made in violation of a statute is void. The holding in *Bacigalupo* v. *Fleming*, 199 Va. 827, 102 S.E.2d 321 (1958), is to the same effect.

When the contracts involved in the *Bowen* and *Bacigalupo* cases were made, Code § 54-142 comprised only one paragraph, which provided in effect that any contractor who entered into a construction contract without having first complied with the registration requirements of the act should be deemed guilty of a misdemeanor. In 1956 the General Assembly amended Code § 54-142 by adding two paragraphs, the last of which made the section applicable only to contracts executed after July 1, 1956. We are now concerned with the paragraph that sets forth the following proviso:

> "Provided that no person shall be entitled to assert this section as a defense to any action at law or suit in equity unless such person shall first affirmatively prove that notice of this section, prior to or upon the execution of the contract, has been given to the party who seeks to recover from such person." Va. Code Ann. § 54-142 (1967 Repl. vol.) (*supra,* page 112).

The trial court decided that the Legislature intended by this proviso to bar recovery by an unlicensed contractor upon a contract or on *quantum meruit* if he had notice of Code §54-142 before he made the contract, *regardless of the means by which the contractor received such notice.* The appellant, Moore, contends that the Legislature

intended to bar recovery *only if the person sued by the contractor had given notice of Code § 54-142 to the contractor*, before or at the time the contract was made. This issue has not been decided or even alluded to in previous opinions of this Court.

The language of the proviso is express in requiring that notice of Code § 54-142 be *given* to the contractor, but is silent as to who must give the notice. So in determining what was intended we must be guided by the purpose of the proviso. And the purpose is clear— to ameliorate the harshness of Code § 54-142, which formerly operated as an absolute bar to recovery by an unlicensed contractor.

*Notice given to the contractor by the other party* would effectively warn the contractor that Code § 54-142 would be interposed as a defense, if the contractor failed to comply with the licensing requirements of the act. Such notice would most effectively accomplish the purpose of the proviso. We therefore interpret the proviso as requiring the other party to give the contractor notice of Code § 54-142, before or at the time the contract is made, as a condition to the other party's right to assert Code § 54-142 as a bar to recovery by the contractor. Because Breeden did not give notice of Code § 54-142 to Moore, we hold that he was not entitled to rely upon that section as a defense in this action.

Accordingly the trial court erred in sustaining Breeden's plea that Moore should recover nothing in this action because of his failure to comply with the licensing requirements of Code § 54-128. The final order entered January 13, 1967 is reversed and the case is remanded for trial on the merits.

*Reversed and remanded.*