**MESKER BROTHERS IRON COMPANY, Appellant,**

v.

**DONATA CORPORATION, A & H Holding Corporation and A & H Plumbing Supply Corporation, Appellees.***

**No. 12189.**

United States Court of Appeals Fourth Circuit.

Argued June 21, 1968.

Decided Sept. 9, 1968.

5. *Hughes* was decided after the charge was given.

* The above styling of the case as it reaches this court on appeal is misleading. The *sole appellee* is A & H Plumbing Supply

Corporation. The District Court orally granted the motion of plaintiff, Mesker Brothers Iron Company, to dismiss as to Donata Corporation and A & H Holding Corporation, defendants below.

E. Waller Dudley, Alexandria, Va., for appellant.

Lawrence D. Huntsman, Washington, D. C., for appellees.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

BOREMAN, Circuit Judge:

Mesker Brothers Iron Company (hereafter Mesker) appeals from the district court's dismissal of its action against the A & H Plumbing Supply Corporation[1] for recovery of monies allegedly

---

1. The district court's order of dismissal was entered on November 7, 1966. Several motions under Rules 15, 52(b), 59 and 60(b) were subsequently filed by Mesker and all were denied in an order entered on November 27, 1967. It is actually from this order rather than from the November 1966 order that the instant appeal is taken.

due under a construction contract. The lower court's dismissal was based on two grounds: (1) that Mesker had failed to file a compulsory counterclaim in an earlier action brought against it in that court by the Donata Corporation, and (2) that Mesker had failed to obtain a contractor's license, as required by state law, prior to engaging in the contracting business in Virginia. We conclude that the dismissal was improper and accordingly remand the case to the district court to afford the plaintiff a hearing on the merits of its claim.

Mesker is a Missouri corporation engaged in the business of fabricating and installing various building materials. In 1963 it entered into negotiations with one Louis Pomponio, Jr., concerning the supplying and installing of curtain walls, windows, and precast stone in a high-rise office building ("Donata Building") to be built in Arlington County, Virginia. Pomponio, his parents, and other members of the family own and operate a number of corporations all apparently engaged in real estate-related projects in the Arlington area. Several of these corporations were involved, in one capacity or another, in the construction of the Donata Building.[2] Although the record is not entirely clear concerning the precise function and involvement of each of the various Pomponio companies, it does appear that the land on which the building was to be erected was owned by the A & H Holding Corporation and was leased to the Donata Corporation for ninety-nine years. Donata, in turn, was apparently in charge of the actual planning and construction of the proposed building. It is not clear whether Donata or the Rosslyn Construction Company was the prime contractor on the project. In either event, the defendant below, the A & H Plumbing Supply Corporation, an older Pomponio company with a financial rating described by Pomponio as good, apparently handled purchasing and related activities. All four companies are controlled by the Pomponios.

After tentative agreement had been reached between Mesker and Pomponio a written contract was forwarded to Mesker with a covering letter from Pomponio which bore the letterhead of the Donata Corporation. The written contract, however, was not drawn between Mesker and Donata, but rather between Mesker and the A & H Plumbing Supply Corporation and it was formally executed by both. A & H Plumbing Supply was described in the contract simply as "Owner's Agent," although in his letter Pomponio referred to it as "our affiliate company." Nowhere in the contract is the term "owner's agent" more fully or particularly described nor is the name of the "owner" disclosed. The contract was dated October 14, 1963. Later, in March 1964, the same parties, Mesker and A & H Plumbing, entered into a separate and smaller contract pertaining to further materials for the building which contract contained no reference to an "owner's agent." The combined amounts fixed by the two contracts total the sum of $234,260.00. To date Mesker has been paid only $55,-000.00 on the first contract and nothing on the second.

Apparently Mesker began work under the contract sometime after October for litigation concerning performance and payment began during the following year. In August 1964 Mesker filed in

2. Problems incident to the construction of this building have previously engaged the attention of this court. Haughton Elevator Co. v. Donata Corp., 381 F.2d 737 (4 Cir. 1967) (per curiam), affirming on the opinion of the district court, 271 F.Supp. 958. In that case Donata Corporation entered into negotiations with the plaintiff concerning the installation of elevators in the "Donata Building." Plaintiff requested the Donata Corporation to enter into a formal contract. In response, Donata tendered a written contract, *not with Donata*, but with Rosslyn Construction Company, Inc., and plaintiff refused to sign the contract until satisfactory arrangements were made concerning its claim for payment for elevator installations in another building. The result was that no formal contract was executed.

the clerk's office of the Circuit Court of Arlington County a memorandum or notice of mechanic's lien on the Donata Building, property of the A & H Holding Corporation, alleging nonpayment for its performance under the contract with A & H Plumbing Supply. A few weeks thereafter, Donata Corporation filed an action (Case No. 3424) against Mesker in the court below. In its complaint Donata, the sole plaintiff, alleged that its agent, A & H Plumbing Supply, had entered into the Mesker contract on Donata's behalf and that Mesker had failed to perform its agreement thereunder. Mesker, in its answer, denied both liability for breach and the alleged agency relationship between Donata and A & H Plumbing Supply. Mesker made no attempt to counterclaim against Donata either in its answer or at any time subsequent thereto. This failure to enter a counterclaim, which the court later found to be compulsory under Rule 13(a), Fed.R.Civ.P., was one of the two grounds on which the dismissal was based.

Subsequent to the institution of case No. 3424 Mesker filed a bill in the Arlington County Circuit Court to enforce its mechanic's lien. This suit was later dismissed on motion of *A & H Holding Corporation* on the ground that Mesker, a foreign corporation, had not qualified to do business in Virginia and was thus precluded from prosecuting any action in the state's courts.[3] Va.Code Ann. § 13.1–119 (1964 repl. vol.). Meanwhile Donata's case No. 3424 against Mesker was set for trial on July 11, 1966, but on the morning of that day Donata moved to dismiss the action. Mesker interposed no objection provided such dismissal was with prejudice, and an order was accordingly entered on July 14, 1966, dismissing the case *with prejudice*. A week later Mesker commenced the instant action against A & H Plumbing Supply in the court below.[4] It is from the dismissal of this action on the two grounds stated above that Mesker here appeals.

### I

■ Rule 13, Fed.R.Civ.P., section (a) of which is set forth in the margin,[5] governs compulsory counterclaim practice in federal litigation. Although the

3. Mesker has argued that the filing of its notice of mechanic's lien in August 1964, some weeks prior to the filing of Donata's complaint in case No. 3424, constituted a "pending action" within the contemplation of Fed.R.Civ.P. 13(a). (See note 5 infra.) Because of our view of the case we find it unnecessary to consider this point.

4. Parties defendant in the instant case originally included not only A & H Plumbing Supply Corporation, appellee, but also Donata Corporation and A & H Holding Corporation. However, during the hearing on A & H Plumbing's motion to dismiss, Mesker voluntarily dismissed as against Donata and A & H Holding Corporation. It should be noted also that among the motions filed by Mesker following the dismissal of its case below was a motion to reinstate the Donata action (case No. 3424). Although this motion was made so as to afford Donata an opportunity to present the claim against Mesker which it had earlier, on its own motion, dismissed, Donata opposed the motion. Mesker states that it included this motion to

avoid any implication that it was endeavoring to take advantage of its opponents based upon a technicality.

5. Fed.R.Civ.P., 13(a):
   (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13. As amended Dec. 27, 1946, eff. March 19, 1948; Jan. 21, 1963, eff. July 1, 1963.

rule does not explicitly so state, the effect of a defendant's failure to assert a counterclaim made compulsory by section (a) is to preclude its assertion in a later action against the former plaintiff. E. g. New Britain Machine Co. v. Yeo, 358 F.2d 397, 410 (6 Cir. 1966); Lesnik v. Public Industrial Corp., 144 F.2d 968 (2 Cir. 1944); 3 Moore, Federal Practice ¶ 13.12, at 27 (2d ed. 1968). In the instant case Mesker's claim under its contract with A & H Plumbing Supply unquestionably arises from the same transaction which formed the basis of Donata's claim in case No. 3424. The district court ruled that under these circumstances Mesker, pursuant to Rule 13(a), should have counterclaimed against Donata Corporation and its alleged agent, A & H Plumbing Supply, if at the time of the filing of Donata's claim Mesker had a claim against either Donata or A & H Plumbing Supply. It is not disputed that any claim which Mesker had existed at that time. In fact, as shown above, it was Mesker which took the first step toward litigation by filing notice of its claim of mechanic's lien some weeks prior to Donata's institution of case No. 3424. Notwithstanding the facts as recited which may well be characterized as unique, we conclude that this case was not a proper one calling for application of the compulsory counterclaim rule.

It is the position of A & H Plumbing Supply that, even if Mesker considered it the principal obligee under the contract, Mesker was nonetheless required in case No. 3424 to assert its counterclaim and to request the district court to bring in A & H Plumbing Supply as an "additional party," under the provisions of Rule 13(h).[6] Thus, the argument goes, with all interested parties. before the court, all issues could have been readily litigated and the controversy among the parties determined in one action. For this general proposition A & H Plumbing Supply has cited us to numerous cases none of which, however, is factually similar to the instant case. We likewise have found little of assistance in the cases cited by Mesker. Instead, we think the proper resolution of this case is dictated simply by its own peculiar facts.

■ The number of Pomponio companies involved in the Donata Building project presents a confusing array of corporate entities. Indeed, as Mesker's trial counsel urged in the court below, it is possible that their multiplicity reveals a situation deliberately created and designed to afford the Pomponios the maximum opportunities to select different capacities for different corporations in accord with the apparent needs of the moment. Mesker's negotiations were carried on with Pomponio who Mesker apparently thought was representing the Donata Corporation. However, the transmittal letter which tendered the actual written agreement expressly invited Mesker's attention to the fact that the contract as drawn was not with Donata but with an "affiliate company." Thus, although at the time it filed its action in case No. 3424 Donata purported to sue on the contract, it was actually not a party thereto since it had expressly elected to avoid legal responsibility thereunder. Moreover, Donata was not the owner of the fee simple title to the land so that Mesker might reasonably have been justified in concluding that Donata was not the owner to which reference was made in the words "Owner's Agent." Under these circumstances we are far from convinced that Mesker had a claim against "any opposing party" in case No. 3424. The mere fact that

---

6. Rule 13(h) has been rewritten subsequent to the filing of case No. 3424. At the time of the institution of that action the rule stated:

  (h) Additional Parties May Be Brought in. When the presence of parties other than those to the original action is required for the grant-ing of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action.

the claim arose from the "same transaction" and was perhaps not the subject of "another pending action" is not sufficient to bring Mesker's claim within the purview of Rule 13(a).

As Mesker urges, A & H Plumbing's argument really assumes the point it should be making. For it is only in the event that Mesker's claim in fact met *all* the criteria of a compulsory counterclaim as outlined in Rule 13(a) that additional parties must have been brought in by the court had the counterclaimant so requested. We conclude that Mesker's claim under the contract was not the subject of a compulsory counterclaim and therefore it becomes unnecessary to consider and decide Mesker's assertion that its mechanic's lien notice in the Virginia court was a "pending action" within the exception of Rule 13(a). See note 3, supra.

## II

The second ground upon which the district court dismissed Mesker's action concerns a matter purely of state law. Among the Virginia regulatory statutes concerning licensing and registration of persons, firms and corporations engaged in various professions and businesses within the state is a series concerning the registration of contractors. Chapter 7, Title 54 [§§ 54–113 through 54–145.2] Va.Code Ann. (1967 repl. vol.). Mesker at the time of its contract admittedly had not complied with these provisions, and the court below ruled that under Code section 54–128 [7] Mesker was unlawfully engaging in the contracting business and that the courts of the state were not available for the enforcement of its unlawful contract. Although the court cited no authority for this proposition, the Virginia Supreme Court of Appeals has long held that an unlicensed contractor may not recover on his contracts on the ground that contracts made in violation of Title 54 are void. E. g., Bacigalupo v. Fleming, 199 Va. 827, 102 S.E.2d 321 (1958); F. S. Bowen Elec. Co. v. Foley, 194 Va. 92, 72 S.E.2d 388 (1952). Mesker, however, contends that a 1956 amendment to section 54–142 was intended by the Virginia Legislature to deprive the defaulting owner of such a defense to a contractor's claim unless the contractor had had notice of section 54–142.[8] Mesker had no such notice.

The seeming difficulty with this position and the point on which much of the argument centered is that the 1956 amendment upon which Mesker replies speaks in terms of asserting "this section" (i. e., section 54–142) as a defense, rather than in terms sufficiently broad to bar without question a defense based on section 54–128 also. Doubtless for this reason A & H Plumbing Supply in its motion to dismiss did not mention section 54–142. Rather, it alleged only (a) that Mesker had failed to obtain a license and certificate of registration as

7. Va.Code Ann. § 54–128 (1967 repl. vol.):
Necessity for license and certificate of registration.—It shall be unlawful for any person to engage in, or offer to engage in, general contracting or subcontracting in this State, unless he has been duly licensed and issued a certificate of registration under the provisions of this chapter.

8. Va.Code Ann. § 54–142 (1967 repl. vol.), including the 1956 amendment (in italics):
Penalty for violation of chapter.— Any person not being duly authorized who shall contract for or bid upon the construction of any of the projects or works or any part thereof enumerated in § 54–113, without having first complied with the provisions hereof, or who shall attempt to practice general contracting or subcontracting in this State, except as provided for in this chapter, * * * shall be deemed guilty of a misdemeanor.
*Provided that no person shall be entitled to assert this section as a defense to any action at law or suit in equity unless such person shall first affirmatively prove that notice of this section, prior to or upon the execution of the contract, has been given to the party who seeks to recover from such person.*
Neither this section nor section 54–128 renders the contract of an unlicensed contractor uncollectible. The Virginia court has developed this civil sanction based on the illegality of noncompliance with the title.

required by section 54–128, and (b) that this failure rendered the contract void and acted as a bar to recovery.

In argument on this point both parties relied heavily on the very sketchy legislative history of the 1956 amendment and on the legislative intent which each urged should be drawn therefrom. Although the Virginia Supreme Court of Appeals has on numerous occasions discussed Title 54 and its effect on actions by and against unlicensed contractors, at the time briefs were submitted in this case there was no decision which might be considered dispositive of the question. However, prior to actual presentation of oral arguments our attention was invited to a very recent decision by the Virginia court which we find helpful.

 In Moore v. Breeden, Va., 161 S.E.2d 729 (1968), the defendant Breeden argued that inasmuch as Moore, the plaintiff contractor, was not licensed as required by section 54–128, his right to recover was barred by section 54–142. The precise point raised by the case concerned the giving of notice under the amendment of 54–142, a point which we do not reach in this case. We think, however, that the case also stands for the proposition that the defense of illegal contract grounded on section 54–128 alone is not now effective as a bar to a claim such as Mesker's. Admittedly Breeden, unlike A & H Plumbing Supply, placed specific reliance on section 54–142 as the bar to the contractor's action. A & H deliberately did not. But regardless of the fashion in which the defense in *Breeden* may have been phrased, the discussion of the entire question by the Virginia court would have been unnecessary had the court thought that section 54–128, which makes such contracts illegal, in itself barred recovery on them. We are, of course, bound by the interpretation placed on Virginia statutes by the state's highest court and we conclude that that court has broadly interpreted the 1956 amendment to bar any defense by A & H Plumbing of contract illegality arising from noncompliance with the contractor registration and licensing requirements (assuming noncompliance with section 54–142's notice provision). See also Dillard, Annual Survey of Virginia Law—Contracts, 42 Va.L.Rev. 1162, 1164 (1956). We note that the interpretation which we find the Virginia court has given the 1956 amendment is necessary unless that amendment is to be rendered totally meaningless.

Accordingly, and inasmuch as we find that Mesker's claim is not barred by Rule 13(a) Fed.R.Civ.P., we remand the case to the district court to afford Mesker an opportunity to present its claim against the defendant A & H Plumbing Supply Corporation. In all fairness, since Donata's action against Mesker was dismissed with prejudice, we conclude that A & H Plumbing should not be precluded from properly asserting its defense, if any it has, arising from Mesker's alleged breach of contract.

Reversed and remanded.