## J. W. WOOLARD MECHANICAL & PLUMBING, INC.

## v.

## JONES DEVELOPMENT CORPORATION, ET AL.

Record No. 850643

April 22, 1988

Present: All the Justices

*John R. Walk (Barry A. Hackney; Hirschler, Fleischer, Weinberg, Cox & Allen*, on brief), for appellant.
*Stephen C. Conte (White, Blackburn & Conte, P.C.*, on brief), for appellees.

RUSSELL, J., delivered the opinion of the Court.

In this appeal, an owner defended against a contractor's mechanic's lien suit on the ground that the contractor had failed to obtain a license from the State Board for Contractors as required by Code § 54-128. We here consider and apply Code § 54-142(D), which permits an unlicensed contractor, who has given substantial performance "without actual knowledge" of the statutory provisions, to recover for his work.

Pursuant to the statutory scheme, the State Board for Contractors (the Board) issued a Class B contractor's license to J.W.

Woolard (Woolard) in 1983. That license remained in good standing throughout 1984. In early September 1984, Woolard became associated with Jalil Rahman, a civil engineer who held a Class A license from the Board in his own name. Woolard and Rahman formed a corporation, J.W. Woolard Mechanical & Plumbing, Inc. (Woolard, Inc.), to continue Woolard's contracting business. They were the only stockholders in Woolard, Inc., and Woolard served as president.

Because Woolard thought his personal license was sufficient, he made no effort to obtain a new license for the corporation until the Board, having received a complaint that Woolard, Inc., was unlicensed, informed Woolard that it would be necessary for him to "change over" his personal license to the corporate name. Woolard complied with this directive promptly, making application to the Board in the corporation's name on January 15, 1985. Three days later, the Board "changed over" Woolard's personal license to the name of Woolard, Inc. The corporate license retained the same number as that originally assigned to Woolard. The Board did not open a new file, but kept the corporate papers in the file formerly maintained for Woolard.

On September 7, 1984, soon after it was incorporated, but before the "change over," Woolard, Inc., entered into a contract with Jones Development Corporation (Jones) for the installation of a sewer line. Mr. Woolard personally supervised the work. In December 1984, contending that it had completed performance under the contract without receiving payment, Woolard, Inc., filed a memorandum of mechanic's lien and a motion for judgment, seeking to recover $29,769.08 from Jones. Jones filed an answer in the action at law denying Woolard, Inc.'s, right to recover. Jones also filed a petition in chancery challenging the mechanic's lien pursuant to Code § 43-17.1, on the ground that Woolard, Inc., was not licensed as required by Code § 54-128.

By agreement, the court consolidated the cases and took them under consideration on depositions and written arguments of counsel on the sole question of the effect of Woolard, Inc.'s, lack of a corporate license. In May 1985, the court ruled, in a letter opinion, that Woolard, Inc., had "actual knowledge" of Code § 54-142 at the time it entered into its contract with Jones, and, therefore, that it was barred from recovery "[e]ven if [it] gave 'substantial performance within the terms of the contract in good faith.'" The court entered orders dismissing the action at law and

ordering the clerk to release the mechanic's lien of record. We granted Woolard, Inc., an appeal.

In 1984, Code § 54-142, provided, in pertinent part:

A. Any person, firm, association, corporation or other entity that engages in any of the following acts shall be deemed guilty of a Class 1 misdemeanor:

1. Contracting for, or bidding upon the construction, removal, repair or improvements to or upon real property owned, controlled or leased by another person without a license issued pursuant to this chapter.

2. Attempting to practice contracting in this State, except as provided for in this chapter.

. . . .

C. Any person who undertakes any work without a valid license when such a license is required by this chapter may, in addition to the authorized penalties for the commission of a Class 1 misdemeanor, be fined an amount not to exceed $200 per day for each day that such person is in violation.

D. No person shall be entitled to assert this section as a defense to any action at law or suit in equity if the party who seeks to recover from such person gives substantial performance within the terms of the contract in good faith and without actual knowledge of this section.*

A corporation's "knowledge" can only be that of those individuals whose personal knowledge may be legally imputed to it. Because Mr. Woolard had obtained a personal license the preceding year, he could be charged with knowledge that Virginia required the licensure of contractors, and the court could properly impute *that* knowledge to the corporation. Jones argues on appeal that such knowledge is sufficient to bar Woolard, Inc., from recovery. Mr. Woolard, on the other hand, testified that although he knew

---

* In 1985, § 54-142(D) was amended to read:

D. No person shall be entitled to assert the lack of licensure or registration as required by this article as a defense to any action at law or suit in equity if the party who seeks to recover from such person gives substantial performance within the terms of the contract in good faith and without actual knowledge of the licensure and registration requirements of this article.

The amendment has no effect on the present case, which turns on facts which occurred before its effective date. If it were applicable, its language would have resolved the question before us.

the statutes required licensure, he was unaware that the corporation needed anything more than his personal license.

> Q.  At the time that this contract was entered into, did you have any knowledge that you were possibly violating the law of the Commonwealth of Virginia with respect to licensing?
> A.  No, I did not. I assumed that the license I had was sufficient. I didn't know it would have to be changed.

The dispositive question is the interpretation to be given the phrase "without actual knowledge of this section" contained in the 1984 version of Code § 54-142(D). Jones argues that it simply means lack of notice that such a law exists. Woolard, Inc., argues that it means a lack of understanding of the legal effects and practical application of the statutory scheme.

■ The statutory scheme requiring the licensing of contractors was first adopted in 1938, Acts 1938, c. 431. It has proved to be a fruitful source of litigation; an examination of its history is instructive. We first considered it in *Bowen Elec. Co.* v. *Foley*, 194 Va. 92, 72 S.E.2d 388 (1952), where we determined that it was a valid exercise of the police power, "designed to protect the public from inexperienced, unscrupulous, irresponsible, or incompetent contractors," and upheld its constitutionality. *Id.* at 96, 72 S.E.2d at 391. Although we recognized the apparent hardship sometimes resulting from application of the rule, we determined that a contract made by an unlicensed contractor was illegal and void, barring the contractor's right to recover. *Id.* at 100-02, 72 S.E.2d at 393-94.

■ In *Surf Realty Corp.* v. *Standing*, 195 Va. 431, 78 S.E.2d 901 (1953), and in *Rohanna* v. *Vazzana*, 196 Va. 549, 84 S.E.2d 440 (1954), we acknowledged the rule established in *Bowen*, but found it inapplicable to the particular facts of those cases. In *Sutton Co.* v. *Wise Contracting Co.*, 197 Va. 705, 90 S.E.2d 805 (1956), however, we found it necessary to apply the *Bowen* bar to an innocent assignee of an unlicensed contractor. In *Cohen* v. *Mayflower Corp.*, 196 Va. 1153, 86 S.E.2d 860 (1955), we decided that a contract made by an unlicensed contractor was not wholly void, so as to bar the innocent *owner* from action thereon, but was merely unenforceable at the hands of the unlicensed contractor. In *Sellers* v. *Bles*, 198 Va. 49, 53, 92 S.E.2d 486, 489 (1956), we held that although the statutory scheme had remedial

features, it was nevertheless penal in nature and in derogation of the common law, and must, therefore, be strictly construed. In *Bacigalupo* v. *Fleming*, 199 Va. 827, 832, 102 S.E.2d 321, 324 (1958), we observed that enforcement of the contract is denied to the unlicensed contractor as a penalty for his failure to comply with the registration laws, not because of the nature of the transaction.

Evidently in response to our earlier decisions, the General Assembly amended Code § 54-142 in 1956 by adding the following:

> Provided that no person shall be entitled to assert this section as a defense to any action at law or suit in equity unless such person shall first affirmatively prove that notice of this section, prior to or upon the execution of the contract, has been given to the party who seeks to recover from such person.

Acts 1956, c. 397.

We were called upon to interpret the 1956 amendment in *Moore* v. *Breeden*, 209 Va. 111, 161 S.E.2d 729 (1968). There, we held that the amendment was clearly intended to ameliorate the harshness of the *Bowen* rule by requiring that an owner who intended to assert the contractor's lack of licensure as a bar to recovery, must, at or before the time of contracting, have warned the contractor of that intention. In *Moore*, the contractor was obviously aware of the existence of the registration laws, because he had made unsuccessful application to the Board for a license before entering into the contract in question. The owner, however, had given him no "notice of this section," nor had the owner given any indication that lack of a license would be asserted as a bar to the contractor's recovery. In *Moore*, the unlicensed contractor, who had actual knowledge of the existence of the statute, was permitted to recover because the owner had failed to warn him.

Again, the General Assembly amended the statute, evidently in response to *Moore*, by deleting the objective requirement of "notice" and replacing it with the more subjective requirement of "actual knowledge of this section." Acts 1970, c. 319. The 1970 language, which governs the present case, remained in effect until the 1985 amendment mentioned above.

In *First Charter* v. *Middle Atlantic*, 218 Va. 304, 237 S.E.2d 145 (1977), we considered the bar of the statute as applied to an unlicensed contractor who began work while the 1956 version of

the statute was effective, but did not enter into a written contract until after the effective date of the 1970 amendment. The contractor contended that the 1956 version, which would have required notice by the owner, governed the case. The owner contended that the 1970 amendment, requiring actual knowledge, applied. An examination of the record in that case, filed in this court, shows that there was evidence at trial that an officer of the contractor, a foreign corporation, had been informed that Virginia law required that contractors be licensed. The trial court held, and we agreed, that it was unnecessary to decide which statute applied, because the evidence was insufficient to warrant imposition of the statutory bar to recovery under either version. There was no notice from the owner to the contractor, as required by the 1956 version, and we held the evidence insufficient, as a matter of law, to show that the contractor had "actual knowledge of Code § 54-142" before substantially performing the contract. 218 Va. at 312, 237 S.E.2d at 149-150.

■ The effect of our holding in *First Charter* was that evidence of notice to a corporate officer that some licensure requirement exists in Virginia is insufficient as a matter of law to constitute the "actual knowledge of this section," required by the 1970 version of Code § 54-142 as a prerequisite to imposition of the statutory bar to a contractor's recovery. That result was consistent with the continuing trend of legislative amendments intended to avoid the harsh result dictated by the original form of the statute and reflected in *Bowen* and its progeny.

■ The succession of statutory changes also demonstrates a legislative purpose to protect the public by penalizing contractors who are aware that the law applies to the business they are contemplating, but who nevertheless elect to ignore it. The legislative history and the case law together evidence an intention to strike a balance: to penalize those whose violations of the statutory scheme are knowing, but to excuse those who perform in good faith and whose violations are inadvertent.

Because the unrefuted evidence in the present case demonstrates that the principals in Woolard, Inc., were properly licensed and were unaware at the time of the contract that incorporation necessitated that a personal license be "changed over" to the cor-

porate name, we will reverse the judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

COMPTON, J., dissenting.

I cannot join the majority's decision to judicially enact a statutory amendment.

In plain language, Code § 54-142(D) prohibited an unlicensed corporate contractor from maintaining an action at law or a suit in equity for work performed, unless the corporation was "without actual knowledge of this section." As the majority states, "Because Mr. Woolard had obtained a personal license the preceding year, he could be charged with knowledge that Virginia required the licensure of contractors, and the court could properly impute *that* knowledge to the corporation." That determination, based on the trial court's finding of fact, should have ended the appeal and the trial court's judgment should have been affirmed.

Instead, the majority now amends the statute to provide that, even though the violator had "actual knowledge" of the section, the violation is excused if it was "inadvertent." I find no justification in the words of the statute for this amplification of the statutory language. A person either possesses actual knowledge or he does not. Whether one with actual knowledge acted "inadvertently" is irrelevant, according to the statute. Yet, the majority bases its reversal of the trial court on that new ingredient, added today by judicial pronouncement. I would leave the amendment of statutes to the General Assembly.

Hence, I believe the judgment of the trial court should be affirmed.

CARRICO, C.J., joins in dissent.