## CIRCUIT COURT OF FAIRFAX COUNTY

Roger Darling

   v.

Richard Upton and
Upton & Sons Publishers

June 27, 1990

Case No. (Law) 86022

By JUDGE JACK B. STEVENS

This case comes before the Court on plaintiff Darling's Motion to Strike Defendants Uptons' Counterclaims and Uptons' Motion for Summary Judgment on those Counterclaims, as well as against Darling's claims in his Motion for Judgment. For the reasons stated below, Darling's Motion to Strike is granted, Uptons' Motion for Summary Judgment is granted, and Uptons' Motion for Summary Judgment on the Counterclaims is denied.

In this case, Darling approached Richard Upton in mid-1987 to discuss the possibility of publishing a book about some recently-discovered information concerning General Custer. The two signed a contract in August of 1987 which, in part, granted to Upton & Sons Publishers the exclusive world-wide right to publish and obtain copyright on such work.

Darling subsequently became dissatisfied with what he considered unreasonable delays in the publishing process. Darling then repudiated the contract, formed his own publishing house, and proceeded to publish and distribute the book as "the Authorized Version." Darling filed the instant suit on August 1, 1988, seeking damages for breach of contract for failure to timely publish and misrepresentation concerning timely publication.

In this case, Upton initially filed a Motion to Dismiss for lack of jurisdiction. That motion was denied by Order entered January 20, 1989. The Uptons then filed their Answer and a three-count counterclaim on February 10, 1989. Prior to Upton filing the counterclaim, however, on January 18, 1989, Darling had filed suit in Federal District Court alleging both copyright infringement and violations of the Lanhan Act. With the exception of certain depositions, the instant case then lay dormant pending the outcome of that federal suit.

The federal action was tried by Judge Bryan with a jury on July 25 and 26, 1989, resulting in a verdict in the Uptons' favor. Judge Bryan accordingly dismissed the copyright claim and ruled that Darling had violated the defendants' rights under the Lanhan Act. Both sides now return to this Court seeking additional relief, each advancing a different view as to the preclusive effect of the federal judgment.

The law regarding preclusion in this context is clear. The burden is placed on the party asserting the defense of res judicata to show by a preponderance of the evidence that a given claim or issue should be precluded by a prior judgment. *Bates v. Devers*, 214 Va. 667, 671 (1974), *citing City of Portsmouth v. City of Chesapeake*, 205 Va. 259, 270 (1964), and *Feldman v. Rucker*, 201 Va. 11, 18 (1959). Any issue that was either actually litigated or that should have been litigated in the federal suit is barred in any subsequent suit between the same parties. *See Bates*, 214 Va. at 670-71, *citing* Restatement of Judgments §§ 47, 62, 83 (1942). *See also* Rule 13, F.R.C.P.

The task of determining which issues actually were litigated is straightforward, while the test for determining which issues should have been litigated is controlled by F.R.C.P. 13. As explained in *Mesker Bros. Iron Co. v. Donata Corp.*, 401 F.2d 275 (4th Cir. 1968), any counterclaims which would have been compulsory in the original federal suit are barred thereafter in subsequent suits between the same parties. Specifically, Rule 13 states in pertinent part that:

> (a) *Compulsory Counterclaims.* A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has

against any opposing party, if it arises out
of the transaction or occurrence that is the
subject matter of the opposing party's claim
and does not require for its adjudication the
presence of third parties of whom the court
cannot acquire jurisdiction. *But the pleader
need not state the claim if (1) at the time
the action was commenced the claim was the subject
of another pending action* . . . . (Emphasis
added.)

Two of Uptons' counterclaims are for breach of contract
and one is for slander and/or intentional interference
with contractual relations. *All* of these counterclaims
clearly arise out of the contract between the parties
which was raised as a defense by Upton in federal court
and which was obviously determinative of whether Darling's
claims of copyright infringement were well founded. As
such they were clearly compulsory counterclaims under
Rule 13, F.R.C.P. Since these claims were *not* pending
in this action at the time the action in federal court
was commenced, they are barred under Rule 13. These counter-
claims are also barred by principles of res judicata. *Bates
v. Devers*, supra. As stated in *Bates*:

Res judicata-bar is the particular preclusive
effect commonly meant by use of the term "res
judicata." A valid, personal judgment on the
merits in favor of defendant bars relitigation
of the *same cause of action*, or any part thereof
which could have been litigated, between the
same parties and their privies . . . .

214 Va. at 670.

Turning now to Darling's claims in the Motion for
Judgment, both sides agree that the validity of the Contract
was conclusively resolved in the federal suit; the Uptons
were not in breach of the Contract; and Darling's publica-
tion constituted a breach of the Uptons' exclusive copyright
privileges.

It is clear that these findings in the federal action
bar Darling from proceeding on the breach of contract
claim on the same principles of res judicata. In addition,

the Court also concludes that the misrepresentation claim *could* have been litigated in the federal action, that it is likewise based upon and arises out of the contract dispute between the parties, and that it should likewise be barred.