## CIRCUIT COURT OF THE CITY OF RICHMOND

Dodson Roofing Co.

v.

Velma Johnson

March 1, 1994

Case No. LW-1482–3

BY JUDGE ROBERT L. HARRIS, SR.

This case involves a dispute over the quality of the work performed under a roofing contract. On February 9, 1994, at the beginning of the trial, the Plaintiff moved to amend his pleadings to reflect that he was bringing suit in the name of an incorporated entity, Dodson Enterprises, Inc., rather than Dodson Roofing Company. The Court took this under advisement and now grants the Plaintiff's motion.

At the close of the Plaintiff's evidence, the Defendant moved to dismiss the cause of action because the Plaintiff allegedly had violated section 54.1–1103 of the Code of Virginia by operating as a contractor while not holding a valid state contractor's license. That motion, too, was taken under advisement and is now denied.

Under section 54.1–1103 of the Code of Virginia, those holding themselves out as contractors are required to hold state licenses. *See* Va. Code Ann. § 54.1–1103 (Supp. 1993). Section 54.1–1115 makes it illegal for anyone to engage in the business of contracting without holding a valid license. *See id.* § 54.1–1115 (1991). The effect of these statutes is to render contracts entered into by unlicensed contractors potentially unenforceable. *See F. S. Bowen Elec. Co. v. Foley*, 194 Va. 92, 101–02, 72 S.E.2d 388, 393–94 (1952) (general rule is that contract made in violation of statute is void).

The licensure requirement for contractors is designed "to protect the public from inexperienced, unscrupulous, irresponsible, or incompe-

tent contractors." *Id.* at 96, 72 S.E.2d at 391. The court, in *F. S. Bowen Elec. Co.*, found this purpose compatible with the general rule that contracts "made in violation of a statute [are] void," and, therefore, unenforceable. *Id.* at 101, 72 S.E.2d at 393.

Apparently concerned with the harsh effect of the ruling in *F. S. Bowen Elec. Co.*, the Virginia legislature, in 1956, amended the statute to include language requiring proof that notice of the statute was given "prior to or upon the execution of the contract" before the statute could be used as a defense to suits seeking relief under the contract. *See First Charter Land Corp. v. Middle Atlantic Dredging, Inc.*, 218 Va. 304, 310–11, 237 S.E.2d 145, 149 (1977). In 1970, the statute was again amended, changing the notice requirement clause to one which simply prohibited the use of the statute as a defense "if the party who seeks to recover from such person gives substantial performance within the terms of the contract in good faith and without actual knowledge of this section." *Id.* at 311–12, 237 S.E.2d at 149 (quoting 1970 Va. Acts, c. 319, codified at Va. Code Ann. § 54–142). The current statutory language refers to the same "substantial performance" but changes the knowledge requirement to "actual knowledge of the licensure requirements of this chapter." Va. Code Ann. § 54.1–1115.

The Court's ruling on the Defendant's Motion to Dismiss is controlled by the Virginia Supreme Court's interpretation of the contractors' licensure statutes particularly the most recent case, *J. W. Woolard Mechanical & Plumbing, Inc. v. Jones Dev. Corp.*, 235 Va. 333, 367 S.E.2d 501 (1988). It is undisputed that the Plaintiff was not in compliance with state law. He admitted that, at the time he entered into a contract with the Defendant, he held no license as a contractor believing that he was in compliance with the law because he had a full-time employee who held a contractor's license. The Plaintiff was mistaken in his belief; an incorporated entity must hold its own contractor's license. In *J. W. Woolard*, the fact that the president of a corporation held a personal contractor's license did not satisfy the statutory requirement for no license was held in the corporate name. *See id*, at 335, 367 S.E.2d at 502. Similarly, in the instant case, the Plaintiff cannot rely upon the personal contractor's license of an employee to satisfy the statute.

The Defendant argues that the testimony of the Plaintiff that he believed he was in compliance with the law is sufficient to show knowledge of the contractors' licensing statutes, knowledge which

would allow use of the statutory requirements as a defense. However, as noted, the statute no longer refers simply to knowledge of the statute, but refers to "knowledge of the licensure requirements of this chapter." Va. Code Ann. § 54.1–1115. In *J. W. Woolard*, the court dealt with the previous version of section 54.1-1115, which referred only to "knowledge of this section," but, even under that language, rejected the argument that simple knowledge of the statute's existence was, standing alone, sufficient to allow its use as a defense. *See J. W. Woolard*, 235 Va. at 339, 367 S.E.2d at 504–05. The court also noted that the statute's current knowledge language (requiring knowledge of the licensure requirements) would "have resolved the question before us." *Id.* at 336, n. 1, 367 S.E.2d at 503, n. 1.

In the instant case, the Plaintiff, although aware of the licensure statute, believed he was in compliance with that statute because an employee held a contractor's license. Like the plaintiff in *J. W. Woolard*, he was, accordingly, innocently unaware of the substantive requirements of the contractors' statutes and, therefore, his lack of licensure cannot be used as a defense in this action. *See id.* at 339, 367 S.E.2d at 505 ("The legislative history and the case law together evidence an intention to strike a balance to penalize those whose violations of the statutory scheme are knowing, but to excuse those who perform in good faith and whose violations are inadvertent."). Therefore, the Defendant's Motion to Dismiss will be denied.

The Court will enter an Order granting judgment for the Plaintiff in the amount of $2,000.00.