305 So.2d 34 (1974)
PANAMA REALTY, INC., a Florida Corporation, Appellant,
v.
W.F. ROBISON, Jr., and Bay Gulf Development Corporation, a Florida Corporation, Appellees.
No. V-304.
District Court of Appeal of Florida, First District.
December 12, 1974.
Rehearing Denied January 8, 1975.
*35 Earl R. Duncan, Panama City, for appellant.
Victor M. Cawthon of Keen, O'Kelley & Spitz, Tallahassee, for appellees.
PER CURIAM.
Appellee, Bay Gulf Development Corporation, held the legal title to certain lands. Its common stock was owned by Robison, Brown and Miers. Appellee Robison and Miers both listed the property for sale, Robison with appellant Panama Realty and Miers with another. Robison did not disclose to Panama Realty that anyone other than himself was the owner of the property.
Panama Realty presented to Robison a binder contract for the property on terms agreed to be in accord with the oral listing. In the meantime Bay Gulf Development Corporation had conveyed the property to Robison, Miers, and another. Panama Realty's salesman was then advised by Robison that Miers had also listed the property, and that he would have to check with Miers before his signature would be effective; and, in any event, the contract would have to be signed by Miers and Brown, the other owners. They tried to contact Miers via telephone but could not reach him.
Miers, when contacted later, advised Robison and Panama Realty's salesman that they had received a binder and contract in accord with the listing from another before Panama Realty had presented its purchaser. The property was sold to another. Panama Realty brought this action to recover a commission. Jury trial was waived. The trial court, on the evidence and stipulations in the record, held:
"5. Plaintiff [appellant] contends Robison is obligated to also pay it a fee because Robison represented an undisclosed principal. Representation of an undisclosed principal with authority of the principal does not create a personal liability on the part of the agent unless there would be liability against the principal. Here, both Robison and Miers had authority to act for the principal. As stated above, a purchaser was produced by Miers' broker before Robison's broker produced one. The principal was, therefore, obligated to sell to the first purchaser produced and was obligated to only that broker for a commission. An agent contracting with another and disclosing *36 his principal is not liable for his authorized acts. Only the principal is liable. But if the agent does not disclose his principal, then he himself is liable under the contract as the principal. See 3 Am.Jur.2d, Agency #317. The party contracted with can hold either the agent or the principal liable. See Collins v. Aetna Ins. Co., [103 Fla. 848] 138 So. 269. Here Plaintiff [appellant] has elected to go against the agent who is liable to him to the same extent, but only to the same extent as the principal. The principal not being liable to Plaintiff for the reason that another broker produced a purchaser ahead of Plaintiff, there is no liability on the part of the agent."
The findings of fact supported by substantial, competent evidence are binding on us. The conclusions of law are correct.
The final judgment for the appellees, here reviewed is affirmed.
RAWLS, C.J., and SPECTOR and JOHNSON, JJ., concur.