John J. CLECKNER and Ruth Cleckner, his wife, Plaintiffs-Appellants,

v.

REPUBLIC VAN AND STORAGE COMPANY, INC., et al., Defendants-Appellees.

No. 75–3952.

United States Court of Appeals, Fifth Circuit.

July 29, 1977.

Edward F. O'Connor, Palm Beach, Fla., for plaintiffs-appellants.

Marvin I. Moss, Philip S. Vova, No. Miami, Fla., Melvyn Trute, Bay Harbor Islands, Fla., for defendants-appellees.

Before WISDOM and GEE, Circuit Judges, and BOOTLE,* District Judge.

GEE, Circuit Judge:

■ Appellants filed a claim in the district court for damages to household goods transported by the defendant moving company. The trial court granted summary judgment for defendants because of plaintiffs' failure to bring their claim as a compulsory counterclaim in an earlier suit brought in the county court of Dade County, Florida. We affirm.

In June 1973, John and Ruth Cleckner engaged Republic Van and Storage Company (Republic) to move their household possessions from Maryland to Florida. John Cleckner made these arrangements through Republic's local booking agent, Weber Moving Company; he alone signed the contract. When the goods were uncrated in Florida the Cleckners found some furnishings and antiques damaged and others missing. They filed a claim with Republic, but in October 1973, their claim was denied. The Cleckners responded by not paying Republic's transportation fees. In April 1974, Republic sued John Cleckner and the Cleckner Insurance Agency in state court to collect its past due moving fee of $2,217.58. The two parties entered into negotiations which resulted in Cleckner's agreeing to pay the amount due and Republic's agreeing to dismiss its complaint voluntarily. Cleckner forwarded the $2,217.58, but Republic in-

* Senior District Judge of the Middle District of Georgia, sitting by designation.

sisted that he also pay $110.87 interest and court costs of $30.00 before it would dismiss the suit. Cleckner received this demand for the additional sums on April 29, 1974, the date set for a hearing on Republic's motion for summary judgment. Although Cleckner promptly forwarded the additional money, Republic did not receive it before the hearing and so did not dismiss its complaint. Summary judgment was entered for Republic on April 29, 1974, in Dade County Court. In February 1975, John and Ruth Cleckner filed this diversity suit in the federal district court seeking to collect $22,-875 in damages from Republic and its agent Weber Moving Company. The defendants asserted that the earlier state court judgment, in combination with Florida's compulsory counterclaim rule, operated to bar this suit for damages arising out of the same transaction or occurrence. The district court agreed, citing both the federal compulsory counterclaim rule, Fed.R.Civ.P. 13(a), and the virtually identical Florida rule, Fla.R.Civ.P. 1.170.[1] Appellants here urge: (1) that Mrs. Cleckner was not a party to the earlier suit and therefore cannot be barred by her husband's failure to assert his compulsory counterclaim; (2) that Weber Moving Company was not a party to the earlier suit and may not assert any bar arising from that judgment; (3) that equity entitles Mr. Cleckner to bring his suit for damages against Republic because he was lulled into forsaking his state court counterclaim by Republic's settlement agreement to dismiss its complaint; (4) that this tort action cannot be barred by the earlier contract action which never raised the issue of negligence; and, finally, (5) that the question whether the husband properly represented the interests of his wife in the former suit and the nature of the agent/principal relationship between Weber and Republic presented factual questions which could not be disposed of on a motion for summary judgment. We review the district court's judgment in light of these complaints.

■ There are two steps in our analysis. We must determine whether failure to bring a compulsory counterclaim in a prior state proceeding bars a diversity action on that claim in federal district court. If it does, we must then ask if the addition of Mrs. Cleckner as a plaintiff or the addition of Weber Moving as a defendant removes this bar. We begin by returning to the teaching of *Guaranty Trust Co. v. York*, 326 U.S. 99, 108–09, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945): "[S]ince a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State . . . ." In *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947), the Supreme Court held that state law governs whether a state court judgment bars a subsequent federal diversity action. The specific holding of *Angel v. Bullington* that an action barred in state courts cannot be brought as a federal diversity suit was upheld two years later in

---

1. Fed.R.Civ.P. 13(a):

   *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action.

   Fla.R.Civ.P. 1.170(a):

   *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the plead-

   er has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterclaim under this rule.

*Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). The doctrine of these two cases is alive and well in the Fifth Circuit today. In *Anderson v. Moorer*, 372 F.2d 747 (5th Cir. 1967), this court held that a claim barred by the state law of res judicata from relitigation in state court may not be maintained in a federal diversity action.[2] Although the bar resulting from failure to bring a compulsory counterclaim is not identical to the bar of res judicata,[3] our court has held that the "principles of res judicata" govern. *Dupuy-Busching General Agency v. Ambassador Ins.*, 524 F.2d 1275, 1277 (5th Cir. 1975). *See also Aerojet-General Corp. v. Askew*, 511 F.2d 710, 717 (5th Cir. 1975) (classification of compulsory counterclaims is often determinative of pleas of res judicata). The purpose of the bar imposed by Fla.R. Civ.P. 1.13(1) is to avoid a multiplicity of suits by compelling all related claims to be brought in a single action. As such it is a policy closing the state courtroom doors, which like other state door-closing policies should control what diversity actions can be brought in federal courts under the principles announced in *Woods v. Interstate Realty Co., supra,* and *Angel v. Bullington, supra.*[4] *See, e. g., Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160 (3d Cir. 1976) (state statute of limitations defeats federal

diversity claim); *Maher v. City of New Orleans*, 516 F.2d 1051 (5th Cir. 1975) (state principles of collateral estoppel govern in diversity matter); *Aerosonic Corp. v. Trodyne Corp.*, 402 F.2d 223 (5th Cir. 1968) (federal court may not allow recovery which is denied by the state). Therefore, to determine if this suit is barred we must ask whether the same suit would be barred in Florida courts.

The answer to that question is found in the frequently cited case of *Pesce v. Linaido*, 123 So.2d 747 (Fla.App.1960), which involved a two-car collision in which the occupants of both vehicles suffered injuries. Appellant Pesce stood by while her insurance carrier settled the claims of an infant riding in the other car. After judgment was entered in this "friendly suit," Pesce attempted to sue the owner of the other car for her personal injuries. Despite the state district court's finding that the earlier friendly proceedings were brought without Pesce's knowledge, depriving her of the opportunity to file a counterclaim, the appellate court ruled that under the Florida compulsory counterclaim rule her second suit was barred. Pesce's claim for equitable relief was surely stronger than appellant Cleckner's, and yet the Florida courts strictly enforced the Florida compulsory

**2.** This court sits, in a diversity action, as another Alabama court. We cannot entertain any action not maintainable in an Alabama court, and the Alabama state courts would not allow relitigation either of issues raised in the prior suits or of issues which could have been raised in those suits.
372 F.2d at 751.

**3.** Fed.R.Civ.P. 13(a) does not state that the penalty for failure to bring a compulsory counterclaim is a bar to later asserting that claim, but the penalty has been inferred under the alternative theories of res judicata, waiver, or equitable estoppel. C. Wright, Law of Federal Courts 390 (3d ed. 1976). The Florida courts have distinguished the compulsory counterclaim rule from res judicata but treat all compulsory counterclaims not asserted as barred:
> We are not here concerned with the absolute bar which arises under the doctrine of res judicata or estoppel by judgment from a judgment entered as a result of actual litigation of the issues raised. We are instead confronted with a bar created by Rule 1.13(1)

Florida Rules of Civil Procedure [Recodified as R. 1.170(a)]. It has been generally held under Federal Rule 13(a) or similar state rules or statutes that a failure to so assert a compulsory counterclaim precludes assertion thereof in a subsequent action. Annotation 22 A.L.R.2d 621. This penalty has been applied for failure to assert a compulsory counterclaim where the first action has resulted in a consent or default judgment not tried upon its merits, but the action must necessarily have proceeded to a judgment.
*Pesce v. Linaido*, 123 So.2d 747, 749 (Fla.App. 1960).

**4.** But in determining the effect of prior federal diversity actions on subsequent diversity actions the federal law of res judicata should be applied. *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 716 (5th Cir. 1975). Similarly, the federal law of res judicata controls an action which presents a federal question. *Maher v. City of New Orleans*, 516 F.2d 1051 (5th Cir. 1975).

counterclaim rule to preclude her separate action.

We think this disposes of John Cleckner's argument that he should not be barred because he was lulled into abandoning his counterclaim by Republic's agreement to dismiss its suit voluntarily. Whatever the earlier misunderstanding about how much Cleckner was to pay before Republic would dismiss its suit, Republic's letter of April 26, 1974, made it clear that the suit would not be dismissed until an additional $140.87 was received.[5] Although Cleckner's counsel did not receive the letter until April 29, 1974, the date set for a hearing on the motion for summary judgment in state court, it was clear that the claim would not be voluntarily dismissed that day. Further action was required, either an appearance at the hearing in state court, or a request that the hearing be postponed, or some immediate communication with Republic's counsel. But Cleckner's counsel did nothing and allowed the summary judgment to be entered against his client. A motion to dismiss that judgment was not made until August 1975, after Cleckner's failure to assert the compulsory counterclaim was pleaded as a defense in federal court. The motion was denied by the state court, and the judgment stands. We think that judgment would preclude John Cleckner from bringing this suit against Republic in a Florida court.[6] There is no merit in appellants' assertion that the former contract suit cannot bar this tort action because negligence was never litigated. In *McDonald Air Conditioning v. 1041 Corporation*, the Florida appellate court held th..t a negligence action to recover for damage caused by water leaks in certain air conditioning equipment was barred for failure to assert it as a compulsory counterclaim in the earlier suit to recover on the installation contract. 251 So.2d 319 (Fla.App.1971). Relying on *Pesce v. Linaido* and *McDonald Air Conditioning* as the applicable Florida law, we affirm the district court's holding that John Cleckner may not sue Republic in a diversity action.

Proceeding to the second level of analysis, we must determine if the addition of Ruth Cleckner as plaintiff or Weber Moving as defendant enables plaintiffs to avoid the bar resulting from the Florida compulsory counterclaim rule. Under Florida law neither appellant appears to have a cause of action against Republic's booking agent, Weber Moving: "An agent contracting with another and disclosing his principal is not liable for his authorized acts. Only the principal is liable." *Panama Realty, Inc. v. Robison*, 305 So.2d 34, 35–36 (Fla.App.1974). But in any event *Pesce v. Linaido* involved a defendant who had not been a party to the earlier suit but who could have been made a party had the counterclaim been urged.[7] The trial court correctly ruled that the Cleckners did not avoid the bar imposed by the compulsory counterclaim requirement by adding Weber Moving as a co-defendant.

That leaves us with the final question of whether Ruth Cleckner's right to sue Republic is barred by her husband's failure to assert a counterclaim against Re-

---

**5.** In pertinent part the letter reads:
This leaves a balance of $110.87 interest from date of delivery through April 30, 1974. Also your client owes the Court Cost of $30.00. *Upon my receipt of a check from your client in the sum of $140.87 and clearance of this check, I will be most happy to sign the Stipulation and submit the Order of Dismissal.* (emphasis added).

**6.** Apparently Cleckner's counsel thought it better to wait until judgment was had in state court before filing his claim for damages in federal court. If so, this was error on his part since both the federal and the state compulsory counterclaim rules make an exception for actions *pending* at the time a claim is asserted.

Counsel also miscalculated the difficulties of asserting a counterclaim that exceeded the jurisdictional limit of the court in which the original claim was asserted. The Florida compulsory counterclaim rule was amended in 1972 to provide for transfer to a court having jurisdiction of the counterclaim and to require a service charge deposit at the time the counterclaim is filed. Fla.R.Civ.P. 1.170(j) (effective January 1, 1973).

**7.** "Further, it should be observed that although appellee Linaido was not a party to the first suit, he could have been made a party." 123 So.2d at 750.

public. The Florida statute[8] entrusting the care and management of a wife's property to her husband has been repealed as obsolete in view of the 1968 constitutional amendment eliminating distinctions in the property rights of married women and married men.[9] Every married woman in Florida is now "empowered to take charge of and manage and control her separate property, to contract and to be contracted with, to sue and be sued". Fla.Stat.Ann. § 708.-08. But where a wife has acquiesced in an agreement by permitting household goods to be moved as arranged by the husband, commercial practicalities require allowing third parties to rely on agreements made by one spouse even though they involve the property of both.[10] Thus, Republic cannot be faulted for moving the household possessions nor for suing to collect its fees from the only spouse with whom it had dealt. It is reasonable for one spouse to represent the interests of both parties in litigation. Neither the pleadings, the affidavits nor the testimony at the pretrial hearing raised the issue of John Cleckner's failure to represent the interests of Ruth Cleckner adequately. This theory is raised for the first time on appeal. In the district court counsel for the Cleckners presented two arguments to defeat the motion for summary judgment. First, he argued that the action in federal court was a tort claim for negligent handling of household goods while the state court action was a suit arising out of the contract. This argument failed under the holding of *McDonald Air Conditioning Co.*, discussed earlier. Second, counsel argued that Florida procedural rules cannot bar a cause of action in federal court. The following dialogue occurred at the pretrial hearing:

THE COURT: Well, there was a judgment entered in that suit.

COUNSEL: Yes, sir; at the time the judgment was entered we had paid the full amount of the bill.

THE COURT: It seems to me that you had an obligation, a compulsory obligation to file your counterclaim and to set it up so that goods were damaged in defense of that claim.

COUNSEL: Even if we had, your Honor, that would have been—had we not that would have been a bar to us bringing that same claim in the State Court. It is our position that it would not be a bar to bring our claim, the counterclaim, as the original action, in the Federal Court.

THE COURT: I think you are wrong about that.

COUNSEL: Our position is that when we were in the State Court, the Federal Rules of Civil Procedure did not apply to us.

THE COURT: They apply now only in the sense that you are trying to enforce a diversity matter in the Federal Court. We are bound by State laws and we are bound by the entry of that judgment.

The motion for summary judgment is properly granted when there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. There were no disputed fact issues before the district court. Once appellees had shown the absence of factual issues and asked for judgment as a matter of law, the appellants had a duty at that point to respond with any factual assertion that would preclude judgment on the motion. This they did not do. Instead, they asserted two erroneous legal arguments, apparently taking the facts as established. This court will not review a summary judgment in light of factual issues and assertions which appel-

8. Fla.Stat.Ann. § 708.03, repealed October 1, 1970.

9. There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal; except that dower or curtesy may be established and regulated by law.

Fla.Const. art. 10, § 5 (1968).

10. A husband may be relied on by third parties as the agent of his wife where her actions reveal that she has consented to his management. *Winston v. J. D. Gramm, Inc.*, 277 So.2d 59 (Fla.App.1973).

lants did not raise in the trial court.[11] If every hypothetical fact issue, even though not raised by the opposing party, could defeat a summary judgment on appeal, Rule 56 would be of no value.

Appellants' reliance on *Mesker Bros. Iron Co. v. Donata Corp.*, 401 F.2d 275 (4th Cir. 1968), is misplaced. There the earlier suit in which a counterclaim was not urged was a federal diversity action, so federal law governed as to what compulsory counterclaims were barred in subsequent suits. *See Aerojet-General Corp. v. Askew, supra.* Here we are confronted with a prior state court action and must look to Florida law. In *Mesker* the record established "a confusing array of corporate entities" creating a factual question as to who was an opposing party. The record in this case as developed before the district court created no factual confusion despite the appellants' attempt on appeal to suggest such a confusion.

It is never pleasant to apply the bar against claims not raised as compulsory counterclaims, but the goal of eliminating repetitive litigation from overcrowded courts can only be accomplished by compelling all related claims to be brought at one time. "That bar is neither sinister nor harsh; often it is salutary and, occasionally, merciful." [12] The Cleckners' failure to assert their claim for damages in reply to Republic's demand for payment precludes their subsequent action in federal court.

AFFIRMED.

---

**11.** Even on appeal Ruth Cleckner does not affirmatively assert a divergence of interest in the household furnishings or John Cleckner's failure to represent her interests. Her argument is that because it is hypothetically possible for a husband and wife to have divergent interests summary judgment was inappropriate. We cannot agree.

**12.** *Anderson v. Moorer*, 372 F.2d 747, 752 (5th Cir. 1967).