**WESTERN HORIZONTAL DRILLING, INC., Plaintiff,**

v.

**JONNET ENERGY CORPORATION; Jontex Energy, Inc.; E.J. Jonnet; and Joe Jonnet, Defendants.**

**Civ. A. No. SA–91–CA–0394.**

United States District Court, W.D. Texas, San Antonio Division.

Nov. 6, 1992.

Order Denying Motion to Alter or Amend Judgment May 7, 1993.

Lloyd A. Muennink and Roy A. Pollack, Austin, TX, for plaintiff.

William L. Smith, Jr., Denton, TX, for defendants.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Came on to be considered the Plaintiff's Motion for Summary Judgment. This Motion was filed on September 10, 1992. The Defendants filed a Response to this Motion on September 21, 1992. The case was reassigned to this Court's docket on October 15, 1992.

### I. *Background*

Plaintiff, Western Horizontal Drilling, Inc. ("Western"), filed suit against Jonnet Energy Corporation ("Jonnet") for collection of an outstanding debt in the sum of $196,194.03, for services and materials provided on the Booth Jontex Well No. 2. Plaintiff also seeks exemplary damages in the amount of $784,776.12. Subsequently, Jontex Energy, Inc. ("Jontex"), E.J. Jonnet, and Joe Jonnet were joined in the lawsuit. Plaintiff joined these three additional Defendants in order to pierce the corporate veil of Jonnet. Plaintiff alleges that E.J. Jonnet and Joe Jonnet utilize both Jonnet and Jontex as their alter egos.

This lawsuit was originally filed against Jonnet in state court on April 10, 1991. Jonnet removed this case to federal court on April 24, 1991. On May 6, 1991, Jonnet filed its original answer. On November 4, 1991, Western filed Plaintiff's First Amended Petition, joining Jontex, E.J. Jonnet, and Joe Jonnet. On December 16, 1991, Jontex and E.J. Jonnet filed original answers, and on December 23, 1991, Joe Jonnet filed his original answer. The Plaintiff sent Requests for Admission, Interrogatories, and Requests for Production to Defendants on June 30, 1992. As of the date of this Motion, Defendants had failed to respond to these discovery requests. Therefore, pursuant to Rule 36, each of the Requests for Admission are deemed admitted as a matter of law. Plaintiff bases its summary judgment primarily upon these deemed admissions.

In their Response to this Motion, Defendants do not contest Plaintiff's Motion for Summary Judgment insofar as it relates to Jonnet's or Jontex's liability for actual damages. However, they do assert that summary judgment should not be granted as to E.J. Jonnet and Joe Jonnet in their individual capacities. In addition, Defendants argue that Plaintiff's summary judgment proof does not establish exemplary damages as against any of the Defendants.

### II. *Summary Judgment*

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment bears an "exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026, 1031 (5th Cir.1982).

In determining whether the movant has met its burden, the Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *See id.* at 1031. All reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the movant. *See id.* at 1031; *Jones v. Western Geophysical Co. of America,* 669 F.2d 280, 283 (5th Cir.1982). When determining whether to grant summary judgment, the Court is merely determining whether a factual dispute ex-

ists and is not required to resolve those disputes. *See Jones,* 669 F.2d at 283. The fact that it appears to the Court that the non-movant party is unlikely to prevail at trial or that the movant's statement of facts appears more plausible is not a reason to grant summary judgment. *See id.* at 283.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond with any factual assertion that would preclude summary judgment. *See Kleckner v. Republic Van & Storage Co.,* 556 F.2d 766, 771 (5th Cir.1977). Rule 56(e) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." In this respect, the burden on the non-moving party is not especially heavy; however, he must show specific facts that present a genuine issue of material fact worthy of trial rather than showing mere general allegations. *See Gossett v. Du–Ra–Kel Corp.,* 569 F.2d 869, 872 (5th Cir.1978).

### III. *Discussion*

Defendants argue that Plaintiff is not entitled to summary judgment against E.J. Jonnet and Joe Jonnet, because the Plaintiff has failed to establish, through proper summary judgment proof, the liability of said individual Defendants under an "alter ego" theory. In particular, Defendants argue that Texas law requires numerous factors to be considered in determining whether to pierce the corporate veil, and Plaintiff has only established one such factor in their deemed admissions: that each corporation is "merely a conduit for [each Defendant's] personal finances and business transactions."

The premier Texas case on the doctrine of piercing the corporate veil is *Castleberry v. Branscum,* 721 S.W.2d 270 (Tex.1986). Much of this discussion was cited and explained by the Fifth Circuit in *Zahra Spiri-*

*tual Trust v. United States,* 910 F.2d 240 (5th Cir.1990).

The *Castleberry* court stated that the corporate form will be disregarded when it "has been used as part of a basically unfair device to achieve an inequitable result." *Castleberry* at 271. The court then listed several theories through which the corporate form may be disregarded:

(1) when the fiction is used as a means of perpetrating fraud;

(2) where a corporation is organized and operated as a mere tool or business conduit of another;

(3) where the corporate fiction is resorted to as a means of evading an existing legal obligation;

(4) where the corporate fiction is employed to achieve or perpetrate monopoly;

(5) where the corporate fiction is used to circumvent a statute;

(6) where the corporate fiction is relied upon as a protection of crime or to justify wrong.

*Id.* at 272.

The *Castleberry* court distinguished between the general concept of disregarding the corporate fiction and more specifically treating a corporation and its shareholders as alter egos of each other. Alter ego was recognized as a distinct legal basis for disregarding the corporate fiction. *Id.*

The *Castleberry* court explained that the alter ego theory provides a basis for disregarding corporate form "where a corporation is organized and operated as a mere tool or business conduit" for another entity. *Id.* In determining whether an alter ego relationship exists, the court should focus on the relationship between the corporation and the entity or individual that allegedly abused corporate formalities. The factors relevant to the court's inquiry include: "the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corpo-

ration has been used for personal purposes." *Id.*

Defendants argue that the Plaintiff has only established one of many factors necessary to demonstrate "alter ego." Defendants state that this one established factor, i.e. that each corporation is "merely a conduit for [each Defendant's] personal finances and business transactions," is alone insufficient to establish "alter ego" as a matter of law. The Defendants state in their Response: "The Supreme Court of Texas has specifically pointed out that disregard of the corporate fiction cannot be justified on the basis of only one of the factors which establish the 'alter ego' theory. *Castleberry, supra,* at 276." *Defendants' Response* at 3.

■ The Supreme Court in *Castleberry* did find reversible error where a jury instruction treated several "alter ego" theories as alone sufficient to support piercing of the corporate veil. As before mentioned, however, the *Castleberry* court held that the factors relevant to an "alter ego" inquiry include: "the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes." *Castleberry* at 272. Plaintiff's Request for Admission was much broader than these factors. It stated: "Jonnet Energy Corporation is merely a conduit for your personal finances and business transactions." *Plaintiff's Motion, Exhibits D & E* at 12–13. Both E.J. Jonnet and Joe Jonnet, by failing to timely respond to this request, are deemed to have admitted it. This is not a "factor" to be considered in an "alter ego" analysis. Instead, it is the very definition of "alter ego" as provided in *Castleberry.* Therefore, the Court is of the opinion that Defendants' contention that E.J. Jonnet and Joe Jonnet are not liable as individuals is without merit.

■ Defendants next argue that there is a genuine issue of fact with regard to exemplary damages, and that this Court should not award exemplary damages as against any of the Defendants. The Plaintiff admits in its own Motion that fraudulent, malicious, and/or grossly negligent conduct is necessary in order to recover exemplary damages. Although Plaintiff asserts in his First Amended Complaint that Defendants' activities were fraudulent, malicious, and grossly negligent, such allegations do not amount to summary judgment proof. Moreover, a review of the Requests for Admission, Plaintiff's sole summary judgment proof, which are deemed admitted, indicates that Defendants have not admitted the requisite mental state to allow recovery for exemplary damages. Therefore, while this Court is of the opinion that Plaintiff is entitled to actual damages as a matter of law, a fact issue remains as to whether the Plaintiff is entitled to exemplary damages.

## IV. *Conclusion*

Based upon the foregoing, it is clear that the Plaintiff, Western Horizontal Drilling, Inc., is entitled to partial summary judgment as a matter of law. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is partially **GRANTED** and partially **DENIED.**

**IT IS FURTHER ORDERED** that Jonnet Energy Corporation, Jontex Energy, Inc., E.J. Jonnet, and Joe Jonnet are jointly and severally liable to Western Horizontal Drilling, Inc., for actual damages in the amount of $196,194.03, for prejudgment interest at the maximum rate allowed by law, and for postjudgment interest at the maximum rate allowed by law.

**IT IS FURTHER ORDERED** that this case remain set for docket call and non-jury trial at 9:00 a.m. on December 7, 1992 in San Antonio, Texas. The sole remaining issue to be decided by this Court is whether exemplary damages are permissible, and if so, what amount should be awarded.

**IT IS FURTHER ORDERED** that Plaintiff recover its attorneys' fees, costs and expenses, incurred in this lawsuit, and that, pursuant to Local Rule CV–7(j), the Plaintiff submit its affidavit of attorneys' fees within twenty (20) days from the date of the disposition of this case through non-jury trial.

## ORDER ON MOTION TO ALTER OR AMEND

Came on to be considered the Defendants' Motion to Alter or Amend the Judgment. Upon careful consideration, this Court is of the opinion that this motion lacks merit and should be denied.

Defendants argue that this Court erred in assessing individual liability against E.J. and Joe Jonnet under the alter ego theory set forth in *Castleberry v. Branscum,* 721 S.W.2d 270 (Tex.1986), because this theory has been overturned by the Texas Legislature's amendment of the Texas Business Corporation Act, Article 2.21(A). In pertinent part, Article 2.21(A) states that a shareholder shall not be liable on any contractual obligation of the corporation on the basis of the failure of the corporation to observe any corporate formality, primarily including failure to comply with requirements under the Act.

Defendants are confusing apples and oranges. While it is true that Article 2.21(A) abolishes some forms of shareholder liability, it does not abolish or modify the alter ego theory set forth in *Castleberry.* The *Castleberry* court stated that the corporate form will be disregarded when it "has been used as part of a basically unfair device to achieve an inequitable result." *Castleberry* at 271. The court then listed several theories through which the corporate form may be disregarded:

(1) when the fiction is used as a means of perpetrating fraud;

(2) where a corporation is organized and operated as a mere tool or business conduit of another;

(3) where the corporate fiction is resorted to as a means of evading an existing legal obligation;

(4) where the corporate fiction is employed to achieve or perpetrate monopoly;

(5) where the corporate fiction is used to circumvent a statute;

(6) where the corporate fiction is relied upon as a protection of crime or to justify wrong.

*Id.* at 272.

The alter ego theory is clearly separate and distinct from the "failure to observe corporate formalities" dealt with in article 2.21(A). In fact, the Texas Supreme Court has cited *Castleberry* in a breach of contract case subsequent to the amendment of article 2.21(A). *Matthews Construction Co. v. Rosen,* 796 S.W.2d 692, 693 (Tex.1990). *See also* James Deets, *Alter Ego: Shareholders' Lingering Liability Under Matthews Construction Co. v. Rosen,* 44 BAYLOR L.REV. 393 (1992). Accordingly, it is

**ORDERED** that Defendants' Motion to Alter or Amend the Judgment is **DENIED.**