Jean AUCLAIR, Plaintiff,

v.

Joan SHER, Vincent Giffuni
and Catherine Giffuni,
Defendants.

Civ. A. No. W–94–CA–086.

United States District Court,
W.D. Texas,
Waco Division.

Oct. 21, 1994.

Aubrey R. Williams, Cherry, David, Harrison, Montz, Williams & Baird, P.C., Waco, TX, for plaintiff.

James E. Wren, Haley, Davis, Wren, Bristow and Rasner, P.C., Waco, TX, for defendants.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Came on to be considered Plaintiff's Motion for Summary Judgment and Counter–Plaintiffs' Motion for Summary Judgment on their Counterclaim for Declaratory Judgment and the Responses thereto. After careful consideration, the Court determines that the Plaintiff's Motion has merit and the Counter–Plaintiffs' Motion lacks merit.

### I. *Background*

The present case arose out of a prior civil lawsuit filed in this Court by Plaintiff (hereinafter "Auclair") against the Co–Executors of the Estate of Joseph V. Giffuni to enforce the provisions of a lease agreement allegedly executed by Joseph V. Giffuni prior to his death. According to the claims made by Auclair in the prior lawsuit, Joseph V. Giffuni allegedly leased the property from Auclair before his death. However, as a result of Auclair's testimony in the prior lawsuit, she was charged with perjury. She later pled guilty to two counts of perjury for making false statements during her testimony. On November 20, 1992, following Auclair's guilty plea, a judgment was entered against her which required that Auclair pay restitution in the amount of $266,231.00 to the estate of Joseph V. Giffuni for the legal fees incurred in the defense of the prior lawsuit. The

judgement required Auclair to pay the amount of restitution during the five year period of her probation. The Plaintiff has paid only $2,125.00 in restitution as of this date.

After judgement for restitution was entered against Auclair, the Co–Executors filed an abstract of judgment on February 19, 1993, to notify third parties of the existence of the lien on Auclair's property, which was created by the judgment ordering the payment of restitution. Auclair later requested that the Co–Executors release the abstract of judgment as to the property made the subject of the present lawsuit because Auclair desired to sell the property and shelter the sale proceeds under Texas' homestead law.

The parties to the lawsuit have stipulated to the factual issues involved in the suit. See, Stipulations of Facts, Appendix A. The issue in the Motions filed with the Court is whether Defendants (hereinafter "Sher") have the authority to enforce their judgment against the Plaintiff's (hereinafter "Auclair") homestead property.

## II. *Summary Judgment*

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment bears an "exacting burden of demonstrating that there is no actual dispute as to any material fact in the case." *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026, 1031 (5th Cir.1982).

In determining whether the movant has met its burden, the Court must view the evidence presented and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *See id.* at 1031. All reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the movant. *See id.* at 1031; *Jones v. Western Geophysical Co.,* 669 F.2d 280, 283 (5th Cir.1982). When determining whether to grant summary judgment, the Court is merely determining whether a factual dispute exists and is not required to resolve those disputes.

*See Jones,* 669 F.2d at 283. The fact that it appears to the Court that the non-movant is unlikely to prevail at trial or that the movant's statement of facts appears more plausible is not a reason to grant summary judgment. *See id.* at 283.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond with any factual assertion that would preclude summary judgment. *See Cleckner v. Republic Van & Storage Co.,* 556 F.2d 766, 771 (5th Cir.1977). Rule 56(e) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." FED.R.CIV.P. 56(e). In this respect, the burden on the non-moving party is not especially heavy; however, he must show specific facts that present a genuine issue of material fact worthy of trial rather than showing mere general allegations. *See Gossett v. Du–Ra–Kel Corp.,* 569 F.2d 869, 872 (5th Cir.1978).

## III. *Discussion*

■ The answer to the only issue in this case turns on the meaning of a statute in the United States Code. The starting point to any statutory interpretation is the black letter language of the statute. If the language clearly mandates a particular result, there is no reason to engage in the speculative practice of guessing Congressional intent. A statute that is plain on its face should be given its plain meaning, and a court should refrain from examining congressional history to determine the purpose of the statute. *Norfolk and Western Ry. Co. v. American Train Dispatchers' Association,* 499 U.S. 117, 127, 111 S.Ct. 1156, 1163, 113 L.Ed.2d 95 (1991).

■ The statute that has caused the dispute in this case is 18 U.S.C. § 3663. The statute provides

An order of restitution may be enforced—

(1) by the United States

(A) in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title; or

(B) in the same manner as a judgment in a civil action; and

(2) by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil case.

The cross-reference provision in U.S.C. § 3663(h)(1)(A) provides that "A fine ... is a lien in favor of the United States upon all property belonging to the person fined." 18 U.S.C. § 3613(a).

Neither of the parties disputes the fact that the United States has the right to enforce an order under § 3663, and this right to enforce the lien would include property exempt under state law. However, the Defendants ("Sher"), a private party, maintain that these provisions allow them to enforce their lien against Plaintiff's ("Auclair") exempt property.

A literal interpretation of § 3663 clearly indicates that Sher's argument is without merit. Section 3663 is broken down into two enforcement provisions. If the United States is the party enforcing the order of restitution, "the order may be enforced in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title." 18 U.S.C. § 3663(h)(1)(A). Subchapter B allows the United States to enforce the lien upon all property belonging to the person fined. 18 U.S.C. § 3613(a). This is the provision that allows the Government to seize exempt property, such as homestead property in Texas. The second way the United States can enforce an order of restitution is "in the same manner as a judgment in a civil action." 18 U.S.C. § 3663(h)(1)(B). The conjunction between these provisions is an "or". Thus the literal meaning of this provision is that the United States may enforce an order under (h)(1)(A) or (h)(1)(B).

The other statutory enforcement provision provides that "a victim named in the order to receive the restitution" may enforce an order of restitution "in the same manner as a judgment in a civil action." 18 U.S.C.

§ 3663(h)(2). There is no corresponding subsection (h)(1)(A) allowing a victim to enforce the order "in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title", which would allow a victim to enforce a lien against tax exempt property. The conjunction between (h)(1) and (h)(2) is an "*and*". Thus, the language of the statute clearly indicates that different enforcement powers are provided to the "United States" and to "victims". The difference is the United States can reach state exempt property while victims cannot.

Sher cites to Congressional reports, hearings, and bills that allegedly indicate Congress intended to allow private parties the ability to enforce a lien against tax exempt property. These arguments fail for the principal reason that the language of the statute clearly states that only the United States can enforce a lien upon all property belonging to the person fined. The provision providing the Government the power to do so is noticeably absent from the provision giving private parties, the named victims, the ability to enforce an order of restitution.

■ Furthermore, even if Congressional intent is weighed in the decision, Sher's argument must fail. When a legislature replaces a statute, the legislature is presumed to have a purpose, and the new purpose should be given full effect. *Muscogee (Creek) Nation v. Hodel*, 851 F.2d 1439, 1444 (D.C.Cir.1988).

Before 1984, the powers of the United States to enforce an order of restitution were limited to the same manner as a judgment in a civil action. This caused problems because the United States Government's enforcement powers were limited by state law. This frustrated the enforcement of restitution orders by the Government because of the variance in state laws regarding exempt property. In response to these difficulties, Congress added Section (1)(B) to § 3663(h), the provision giving the United States the power to attach all property, even property exempted by states. A similar provision was not added to (h)(1)(B) granting enforcement powers to victims like Sher.

Based upon the foregoing, it is clear that Auclair is entitled to summary judgment as a matter of law.  Accordingly, it is

ORDERED that Auclair's Motion for Summary Judgment is GRANTED.  It is further

ORDERED that Sher's Motion for Summary Judgment on their Counterclaim for Declaratory Judgment is DENIED.  It is further

ORDERED that this case is DISMISSED. It is further

ORDERED that all pending motions not previously ruled on are DENIED as moot.