SHMUEL SHMUELI, BASHE, INC.
d/b/a Israel Shelanu, and d/b/a
Al Hamakom, Plaintiffs,

v.

Julian LOWENFELD, Smadar Nimrodi,
Ofer Nimrodi, Amos Carmeli, Nati El-
dar a/k/a Eitan Eldar, Haaretz Daily
Newspapers, Ltd., Amos Shocken,
Publication Group, Inc. d/b/a Shalom
L.A., Isaac Shefer, Chagai Carmon,
Maariv Modiin Publishing Co., Ltd.,
Hachsharat Hayishuv, Shmuel Segal,
Maariv Promotion, Ltd., and Yaakov
Nimrodi, Defendants.

No. 99–CV–3715 ILG.

United States District Court,
E.D. New York.

Sept. 17, 1999.

Jon A. Lefkowitz, Brooklyn, New York, for Plaintiff.

Julian H. Lowenfeld, New York City, for Defendant.

## MEMORANDUM and ORDER

GLASSER, District Judge.

Plaintiffs (hereinafter, the "ED–Plaintiffs" [1]) bring this action for monetary damages in excess of 158 million dollars, alleging abuse of process, malicious prosecution, tortious interference with contract, fraud, conversion, breach of contract, civil racketeering under 18 U.S.C. § 1361 et seq., and antitrust violations. Defendants Lowenfeld and Carmon move to dismiss the Complaint as against them under Fed. R.Civ.P. 12(b)(2) and 12(b)(6). ED–Plaintiffs cross-move for an order entering judgment by default against non-appearing defendants Haaretz Daily Newspapers, Ltd., Publication Group, Inc., and Maariv Modiin Publishing Co., Ltd. (collectively, the "Corporate ED–Defendants").[2] For the reasons discussed below, the Complaint is dismissed in its entirety, without consideration of the merits of these motions.[3]

1. Because many of the parties in this action are on opposite sides of a related action in the United States District Court, Southern District of New York, we use the abbreviations "ED," for "Eastern District," and "SD," for "Southern District," to distinguish the capacity in which plaintiffs and defendants in the two actions are referred to.

2. There is a dispute as to whether service has been properly made upon the Corporate Defendants. ED–Plaintiffs take the position that they have been served through their agents Lowenfeld and Carmon, who are attorneys for these defendants in a related action discussed below. Lowenfeld and Carmon, while not denying that they were served as individuals, assert that they are not authorized to receive service on behalf of the Corporate ED–Defendants. For reasons set forth in the opinion that follows, we need not reach this issue.

## BACKGROUND

These facts have been gleaned from the Complaint, and from the parties' submissions in support of the motions before the Court. Shmueli was the editor and owner of Israel Shelanu, a Hebrew-language newspaper published in the U.S. between 1979 and 1998. Shmueli was also the principal of Bashe Inc., and Chani, Inc., during that period. ED–Defendants Maariv and Haaretz own and operate two of the largest daily newspapers published in Israel. ED–Defendant Publication Group publishes Shalom L.A., a Los Angles-based newspaper.

More than a year ago, in April 1998, the Corporate ED–Defendants commenced an action in United States District Court for the Southern District of New York, against Shmueli and Israel Shelanu, and several others (referred to in that action, and hereafter, as the "Chani SD–Defendants" [4]), alleging copyright infringement under 17 U.S.C. § 101 et seq., and related state law claims.[5] The Corporate ED–Defendants here, who are plaintiffs in the Southern District action, are represented in that action by Julian Lowenfeld, who is also one of the ED–Defendants here, as is Corporate ED–Defendants' Israeli counsel, Chagai Carmon. The posture of that case is

3. Also before the Court is the motion of individual ED–Defendants Lowenfeld and Carmon for sanctions, costs, and attorneys' fees pursuant Fed.R.Civ.P. 11 and 28 U.S.C. § 1927, made returnable for October 5, 1999. For the reasons that follow, that motion is transferred to the jurisdiction of Magistrate Judge James C. Francis, IV, United States District Court, Southern District of New York.

4. Chani, Inc. and Bashe, Inc., were both corporate owners of Israel Shelanu, so the Chani SD–Defendants include Israel Shelanu.

5. Publishing Group, Inc. brought a separate state court action against Shmueli and Israel Shelanu in California, which has apparently been settled. In addition, judgment was recently entered against Shmueli in a related copyright infringement case brought by the Israeli news agency, ITIM.

relevant to this action, and so will be treated in some detail.

### A. *Procedural History of the Southern District Action* [6]

On May 18, 1998, Judge John G. Koeltl issued a preliminary injunction prohibiting the copying or reprinting of materials protected by copyright in the name of the Corporate ED–Defendants. *Haaretz Daily News, et al. v. Chani, Inc., et al.*, 98 CV 2878 at Docket # 14–15. This injunction was apparently granted upon the consent of the defendants in that action, including Shmueli, and the Chani SD–Defendants. (Lowenfeld Affirmation, Exh. 5, Letter from counsel to Shmueli to Lowenfeld, dated May 14, 1998.) At the same time, Judge Koeltl ordered the Corporate ED–Defendants (the plaintiffs, in that action) to post a $70,000 bond, and referred the matter to Magistrate Judge James C. Francis, IV, for further proceedings, including discovery. *Haaretz Daily News*, 98 CV 2878 at Docket # 15.

About a month later, counsel to Shmueli applied for, and was granted, leave to withdraw as attorney for Shmueli and the Chani SD–Defendants. *Id.* at Docket # 23. Two weeks after that, Shmueli and others served an answer to the complaint, by their new attorney Andrew Cooper. *Id.* at Docket # 25. With issue joined, all parties in the action consented to proceed before Magistrate Judge Francis.[7] *Id.* at Docket # 29.

On November 16, 1998, the Corporate ED–Defendants (acting, of course, as SD–Plaintiffs) amended their complaint, adding Bashe Inc., and Al Hamakom as SD–Defendants. *Id.* at Docket # 35. In January 1999, Andrew Cooper applied for and was granted leave to withdraw as attorney for Shmueli and the Chani SD–Defendants. *Id.* at Docket # 38.

On March 22, 1999, Magistrate Judge Francis, having received no answer from Shmueli to the amended complaint, issued an order deeming that he had denied all material allegations in the amended complaint. *Id.* at Docket # 43.[8] Finding that no party had filed a timely jury demand, Magistrate Judge Francis also ordered that the action would be tried as a bench trial. *Id.*

This ruling provoked a response from Shmueli, proceeding *pro se* at the time, in the form of a letter to the Magistrate Judge Francis. In that letter, which is before the Court here as Exhibit G in support of the ED–Plaintiffs' motion, Shmueli sought leave to answer the amended complaint, and to assert counterclaims, notwithstanding the March 22 order. In response to Shmueli's letter-application, Magistrate Judge Francis issued an order granting Shmueli leave to serve and file a motion seeking leave to file an answer to the amended complaint, attaching the proposed pleading. *Id.* at Docket # 44. Magistrate Judge Francis ordered briefing on that motion to be complete by April 21, 1999, and then added this monitory note:

> Defendant Shmueli is cautioned that if his motion is not well-founded in fact and law as required by Rule 11 of the Federal Rules of Civil Procedure, costs, including attorneys' fees, will be assessed.

Shmueli Affirmation, Exh. G.

On April 5, 1999, Magistrate Judge Francis denied Shmueli leave to file an

---

6. Because none of the parties before the Court were able to provide a clear narrative of the proceedings in this related action, the Court has relied on the Civil Docket report for *Haaretz Daily News, et al. v. Chani, Inc., et al.*, 98 CV 2878, as cited.

7. The Corporate ED–Defendants took the deposition of Shmueli in early November, and Magistrate Francis issued an order compelling production by Shmueli and the Chani

SD–Defendants of documents showing advertising income for the years 1996, 1997, and 1998. *Haaretz Daily News*, 98 CV 2878 at Docket # 32–34. Magistrate Francis also ordered discovery complete by the end of 1998. *Id.*

8. At that time, apparently, Magistrate Judge Francis did not preclude Shmueli entirely from filing such a pleading.

amended answer and counterclaims. *Haaretz Daily News*, 98 CV 2878 at Docket # 46 (copy attached as Exhibit 6 to Lowenfeld Reply Mem. of Law).[9] Thereafter Shmueli, having engaged new counsel (namely his attorney here, Jon Lefkowitz), made several attempts to undo the consequences of that order. First, he sought interlocutory review in the Second Circuit.[10] Then, he moved Magistrate Judge Francis for reconsideration of the order. *Id.* at Docket # 47, 49–50. Subsequently, according to docket entries for June 9, 1999, he actually filed an amended answer and counterclaims, in apparent defiance of the order. *Id.* at Docket # 60–61. Finally, on June 30, 1999, he brought this action.

### B: *Factual Basis for Shmueli's Lawsuit Here*

The Complaint alleges antitrust and RICO violations against the Corporate Defendants on the basis of their purported scheme to coordinate litigation in the Southern District, California, and Israel so as to ensure that Shmueli would be driven out of business. (Complaint at ¶¶ 44–61.) Most of the specific allegations relate to discovery proceedings before Magistrate Judge Francis, the difficulties these proceedings caused to Shmueli in defending the actions in California and Israel, and the lack of cooperation received from the plaintiffs in the Southern District, rising, so says the Complaint, to a conspiracy in restraint of trade, and to a pattern of racketeering activity.

The claims of ED–Plaintiffs Shmueli and Bashe Inc. for tortious interference, their second and third claims for RICO violations, and their claims for unjust enrichment, detrimental reliance, and breach of contract, are all predicated on the facts underlying the Southern District lawsuit, and on the lawsuit itself. The Complaint alleges that the Corporate ED–Defendants conspired to deprive Bashe and Shmueli of substantial existing and potential business opportunities. (Complaint at ¶¶ 69–76, 79–83, 86–103.) The ED–Plaintiffs' claims for abuse of process and malicious prosecution are also premised on the Southern District proceedings. (*Id.* at ¶¶ 77–78, 84–85.) Finally, Shmueli's claim for conversion against Lowenfeld individually, and his joint claim with Bashe, Inc. against Carmon for fraud, are both predicated on episodes that arose in the course of discovery before Magistrate Judge Francis. (*Id.* at ¶¶ 104–110.)

### DISCUSSION

Where two lawsuits are brought in different fora, but arise out of the same underlying transactions and occurrences, "the propriety of the forum [is] a threshold issue that must be considered before addressing the merits." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991). Generally, under the "first filed" rule, "the first suit should have priority," absent a showing of special circumstances. *Id.* (quoting *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989)); *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991); *see also Smith v. McIver*, 22 U.S. (9 Wheat.) 532, 535, 6

---

9. In his Memorandum and Order of April 5, 1998, Magistrate Judge Francis noted that Shmueli's application was "procedurally flawed," inasmuch as it included no proof of service, and attached no proposed amended pleading. Magistrate Judge Francis also determined that Shmueli's motion failed on the merits, on the grounds that it sought to assert counterclaims belonging to his corporation, rather than to him individually, and also that it had been unduly delayed, coming after discovery in the case had been closed, and almost four months after the amended complaint had been filed. Accordingly, Magistrate Judge Francis concluded, "[i]t would be prejudicial to the plaintiffs to reopen discovery now with respect to issues that range far beyond the copyright claims raised in the complaint." (Lowenfeld Reply Mem. of Law, Exh. 6.)

10. That appeal was noticed on April 28, 1999, and then withdrawn on June 4, 1999. *Haaretz Daily News*, 98 CV 2878 at Docket # 48–2, 57.

L.Ed. 152 (1824) (Marshall, C.J.) ("In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it.").

The decision "whether or not to stay or dismiss a proceeding rests within a district judge's discretion." *Adam v. Jacobs*, 950 F.2d at 92. Accordingly, a federal court may dismiss a suit "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993).

Under Fed.R.Civ.P. 13(a), a pleading must state as a counterclaim any claim that arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Rule 13(a) "was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *Southern Constr. Co. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962) (per curiam).

This is a particularly apt case for application of these principles. The parties in this action and the action pending before Magistrate Judge Francis are virtually identical, and to the extent they are not, their interests are clearly aligned. *See Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 664 (S.D.N.Y. 1997) (finding an action duplicative where it asserted claims "essentially the same" as those in the original action, even though the later lawsuit named additional defendants). Thus, the main defendants in the Southern District action—namely, Shmueli and the corporate entities he controls— have become the plaintiffs here, the apparent exceptions being a handful of defendants in the Southern District action who settled, or as to whom orders of dismissal were entered upon consent. More telling

still is the fact that all of the claims interposed in the action here derive either from transactions underlying the Southern District claims for copyright infringement (namely, Shmueli's activities as the owner and editor of Israel Shelanu), or indeed, from the Southern District action itself. As set forth in the recital of background facts above, the antitrust, civil RICO, abuse of process, malicious prosecution, conversion, and fraud claims here all stem directly from proceedings before Magistrate Judge Francis. The claims here for tortious interference derive from a contractual transaction allegedly disrupted by those proceedings. Similarly, the claims for breach of contract, unjust enrichment, and detrimental reliance all turn on understandings alleged to have existed between Shmueli and the Corporate ED–Defendants before the Southern District action was commenced. All of these claims are plainly compulsory counterclaims under Rule 13(a), or matters that otherwise should be raised before Magistrate Judge Francis as properly within the scope of his inherent authority to control the disposition of cases on his docket. *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir.1958).

Magistrate Judge Francis specifically denied the plaintiffs here leave in their capacity as defendants in the Southern District to bring counterclaims against the Corporate ED–Defendants. *Haaretz Daily News, et al. v. Chani, Inc., et al.*, 98 CV 2878 (S.D. N.Y. April 5, 1999) (Docket # 46) (Lowenfeld Mem. of Law, Exh. 6). But even if he had not entered such an order, the policy underpinnings of Rule 13(a) would be called into play. Having failed, for whatever reason, to assert their counterclaims in one action, plaintiffs may not institute a second action in which those counterclaims become the basis of the complaint. *Southern Constr. Co. v. Pickard*, 371 U.S. at 60, 83 S.Ct. 108. Where plaintiffs' objective in bringing the duplicative action is to circumvent prior orders of the original court, it should hardly need saying that the court where the duplicative

action is brought may not lend its hand to the advancement of such tactics.

Because plaintiffs' action is duplicative of, and predicated entirely upon claims that would be compulsory counterclaims in, or addressed to the inherent authority of, the Southern District Magistrate's Court where the action captioned *Haaretz Daily News, et al. v. Chani, Inc., et al.*, 98 CV 2878 is pending, the Complaint is dismissed in its entirety. The motion of defendants Lowenfeld and Carmon for sanctions, costs, and attorneys' fees pursuant to Rule 11 and 28 U.S.C. § 1927 is hereby transferred to the jurisdiction of Magistrate Judge James C. Francis, IV, in the United States District Court, Southern District of New York.

SO ORDERED.