**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-20176

ANESTIS PAPADOPOULOS, doing business as Spoilers Etc.

Plaintiff-Appellant,

VERSUS

ANDREW JACKSON DOUGLAS, III, doing business as Andy's Autosport;
AUTOSPORT, INC.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division
(H-99-CV-1114)

July 18, 2001

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anestis Papadopoulos appeals the district court order dismissing his claims of copyright infringement (17 U.S.C. § 101 *et seq.*), Lanham Act violations (15 U.S.C. § 1051 *et seq.*), and unfair competition.  We affirm the judgment of the district court.

I.  Factual and Procedural History

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

Papadopolous, doing business as Spoilers Etc. ("Spoilers"), began selling a variety of automobile accessories, including ground effects kits, in 1986 in Texas. Andrew Jackson Douglas III, doing business as Andy's Autosport ("Autosport"), began manufacturing and selling ground effects kits in 1980 in California.

In 1998, Autosport sued Spoilers for trademark infringement, unfair competition, trademark dilution, injury to business reputation, and deceptive trade practices in a California federal court. Autosport alleged that Spoilers was duplicating Autosport's ground effects designs and infringing on Autosport's trademarks "Combat," "The Bomb," and "Andy's Auto Sport" through the use of Spoilers' "Kamikaze" ground effects kit. The kits at issue were manufactured for installation on the following cars: 1994-1998 Acura Integra, 1994-1997 Honda Accord, 1992-1995 Honda Civic, 1996-1997 Honda Civic, 1992-1996 Honda Prelude, 1995-1997 Mitsubishi Eclipse, 1995-1998 Nissan 200SX, and 1993-1997 Volkswagen Jetta. Spoilers filed no counterclaims in this California action, which was then set for trial. When Spoilers subsequently filed suit against Autosport in a Texas federal court, the California district court declined to issue an injunction; however, the court concluded that Spoilers had asserted what amounted to a compulsory counterclaim and expressed willingness to accept the transfer of the Texas suit. In 1999, the California district court granted summary judgment for Spoilers on some of Autosport's claims, and in 2000, it granted judgment as a matter of law for Spoilers on the

remaining claims.

In 1999, Spoilers brought suit against Autosport in a Texas federal court, alleging that Autosport had used Spoilers' ground effects designs and photographs in a Spoilers' catalog and attempted to sell Spoilers' products as that of Autosport's. Spoilers also alleged that Autosport copied Spoilers' designs and sold "knock-off" ground effects kits. At issue in this suit were kits manufactured for installation on the following cars: 1989-1994 Nissan Maxima, 1991-1994 Nissan 240SX, 1995-1999 Nissan 240SX, 1989-1991 Isuzu Amigo, 1992-1996 Isuzu Amigo, and 1990-1994 Mitsubishi Eclipse. The Texas federal district court granted Autosport's motion to dismiss on the basis that Spoilers' claims were barred as compulsory counterclaims required in the California federal suit.

## II. Standard of Review

This court reviews the district court's decision that the claim was barred as a compulsory counterclaim de novo. Tank Insulation Int'l, Inc. v. Insultherm, Inc., 104 F.3d 83, 86 (5th Cir. 1997).

## III. Analysis

Federal Rule of Civil Procedure 13(a) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need

3

not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

"A counterclaim which is compulsory but is not brought is thereafter barred[.]" Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1 (1974); see also FED. R. CIV. P. 13 advisory committee's note ("If the action proceeds to judgment without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred."); McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 304 (5th Cir. 1993) (citing Baker, 417 U.S. at 469 n.1); Cleckner v. Republic Van & Storage Co., 556 F.2d 766, 768-69 (5th Cir. 1977); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1409 (2d ed. 1990) ("Perhaps the most important characteristic of a compulsory counterclaim is that it must be asserted in the pending case. A failure to do so will result in its being barred in any subsequent action, at least in the federal courts.").

The Fifth Circuit has developed the following test for determining if claims are compulsory counterclaims:

(1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3)

4

whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

Park Club, Inc. v. Resolution Trust Corp., 967 F.2d 1053, 1058 (5th Cir. 1992); see also 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 13.10[1][b] (3d ed. 2001). "An affirmative answer to any of the four questions indicates the claim is compulsory." Underwriters at Interest on Cover Note JHB92M10482079 v. Nautronix, Ltd., 79 F.3d 480, 483 n.2 (5th Cir. 1996). The Fifth Circuit's approach focuses on whether the claim and counterclaim share an "aggregate of operative facts," drawing on the similarity of facts and legal issues prong. 3, MOORE'S FEDERAL PRACTICE, supra, § 13.10[1][b] (citing McDaniel, 987 F.2d at 303-04).

The issues of fact and law within the Texas and California federal suits, while not identical, are largely the same. Most important is the continuing business relationship that Spoilers and Autosport maintained prior to these suits, an ongoing business relationship in the ground effects market that was interrupted when Spoilers and Autosport accused each other of trademark infringement and unfair trade practices. The claims, which both include allegations of Lanham Act violations and unfair trade practices, arose around the same time, 1997 and 1998, and both concern each business's manner of selling ground effects. Although the kits were customized for different models of cars, both the Texas and

5

California actions involved ground effects kits that were identical or similar in design. "[T]he identity of issues test does not require a complete overlap between the claim and counterclaim." 6 WRIGHT, MILLER, & KANE, supra, § 1410.

Spoilers attempts to argue that it has raised new issues of law in its complaint, specifically copyright infringement. However, in both suits, copyrights are at issue, Spoilers' copyright concerning the pictures and Autosport's copyright concerning sales. As the district court correctly noted, "[T]he infringement and unfair trade issues would be material to both the claim and counterclaim. A court would need to examine the parties' course of dealing in the claim and the counterclaim."

Although finding that the Texas suit meets just one of the elements of the compulsory counterclaim test would be sufficient, we also find that the Texas suit has a logical relationship to the California suit. "According to this test, any claim a party has against an opposing party that is logically related to the claim being asserted by the opposing party and that is not within the exceptions listed in Rule 13(a) is a compulsory counterclaim. The hallmark of this approach is its flexibility." 6 WRIGHT, MILLER, & KANE, supra, § 1410. "Basically, [this factor] allows the court to apply Rule 13(a) to any counterclaim that from an economy or efficiency perspective could be profitably tried with the main claim." Id. The district court correctly noted that this factor was met because "[t]he crux of both the claim and the counterclaim

6

is the distinctiveness and the labeling of the kits." Furthermore, a logical relationship exists between the two suits because reciprocal sales occurred between two normally competing manufacturers and it was the nature of these sales, *i.e.*, selling "knock-off" products by copying designs and "passing off" another's product as one's own, that led to the disputes. Lastly, it is judicially more efficient to avoid piecemeal litigation of these claims.

Therefore, we find that Spoilers' claims were compulsory counterclaims, and the failure to plead them in the California suit bars Spoilers from bringing an independent action. See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 879 (5th Cir. 1998); see also 6 WRIGHT, MILLER, & KANE, supra, § 1417 ("A failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim."); Shmuel Shmueli, Bashe, Inc. v. Lowenfeld, 68 F. Supp. 2d 161, 165 (E.D. N.Y. 1999) ("Having failed, for whatever reason, to assert their counterclaims in one action, plaintiffs may not institute a second action in which those counterclaims become the basis of the complaint."). Because the California suit has become final and operates as res judicata to this suit, we also affirm the dismissal with prejudice. See RESTATEMENT (SECOND) OF JUDGMENTS § 14 cmt. a (1982) ("In order that a final judgment shall be given res judicata effect in a pending action, it is not required that the judgment shall have been rendered before that action was commenced."); see also id. § 22 ("A

7

defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if [t]he counterclaim is required to be interposed . . . ."); <u>Deshotel</u>, 142 F.3d at 882 (affirming the dismissal with prejudice of a compulsory counterclaim raised in an independent suit).

AFFIRMED.