**BLUE CROSS AND BLUE SHIELD OF ALABAMA, Plaintiff,**

v.

**Norman HOBBS, Defendant.**

No. Civ.A. 02–A–400–N.

United States District Court, M.D. Alabama, Northern Division.

Aug. 15, 2002.

---

David R. Boyd, Balch & Bingham, Montgomery, AL, Cavender C. Kimble, Leigh Anne Hodge, Balch & Bingham, Birmingham, AL, for plaintiff.

Richard A. Bearden, Massey & Stotser, PC, Birmingham, AL, George W. Finkbohner, III, Finkbohner Law Firm, Mobile, AL, David A. Bagwell, Fairhope, AL, for defendant.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss (Doc. # 4) filed by the Defendant, Norman Hobbs.

The Plaintiff, Blue Cross and Blue Shield of Alabama, filed a Complaint in this case bringing claims for a declaratory judgment that the Alabama Physician Assistant Statute is preempted by the Employee Retirement Income Security Act ("ERISA"); for a declaratory judgment that the Alabama Physician Assistant Statute is invalid under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the Contract Clause, or the Commerce Clause; and a claim for an injunction against the Defendant from enforcing the Alabama Physician Assistant Statute.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

### II. FACTS AND PROCEDURAL HISTORY

This case follows the remand of a prior case by the Eleventh Circuit Court of Appeals of for lack of subject matter jurisdiction. Norman Hobbs, and another plaintiff not a party in this case, originally filed suit in the Circuit Court of Montgomery County, Alabama, in an effort to make Blue Cross and Blue Shield ("Blue Cross") comply with the Alabama Physician Assistant Statute. ERISA preemption was asserted as an affirmative defense once the case was removed to federal court, but no counterclaim for an ERISA violation was asserted in that case. A motion to remand was denied, the court finding federal question jurisdiction on the basis of complete preemption under the Employee Retirement Income Security Act ("ERISA"). The Eleventh Circuit ultimately reversed this determination with directions to remand the case to state court. Blue Cross then filed this action in this court on the basis of federal question jurisdiction.

### III. DISCUSSION

Hobbs has argued that Blue Cross has improperly engaged in procedural fencing by filing this suit. Hobbs contends that this suit is nothing more than an attempt by Blue Cross to circumvent the Eleventh Circuit's decision remanding his case to state court. Hobbs offers three bases for his Motion to Dismiss: Blue Cross's claims are precluded because they should have been asserted as

compulsory counterclaims in the first suit, the claims are subject to the abatement statute in *Alabama Code* § 6–5–440, and this court should abstain from hearing Blue Cross's claims.

Hobbs' argument that Blue Cross should have asserted its claims as counterclaims in the first suit is based on the compulsory counterclaim rule. Under Federal Rule of Civil Procedure 13(a), a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

■ "Compulsory counterclaims which are not brought are 'thereafter barred.'" *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 755 (11th Cir.2002) (quoting *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974)). This means that where a party fails to plead a counterclaim, it is precluded from asserting that claim in future litigation. *See Cleckner v. Republic Van and Storage Co.*, 556 F.2d 766, 769 n. 3 (5th Cir.1977);[1] 6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure*: Civil 2d § 1417. The objectives of Rule 13(a) are to provide complete relief to the parties in a single suit, to promote judicial economy, and to avoid the inefficiencies of piecemeal litigation. *John Alden Life Ins. Co. v. Cavendes*, 591 F.Supp. 362, 366 (S.D.Fla.1984). Rule 13(a) is particularly directed against one who "failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *Southern Construction Co., Inc. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962).

■ Although it is clear that claims asserted in a subsequent action are due to be dismissed when they should have been asserted as compulsory counterclaims in a case which proceeded to judgment, *see* Rule 12 Advisory Committee Note 7, claims may also be dismissed when the prior action is still pending. *See Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 682 (M.D.Ala.1998). Courts have stayed or dismissed claims, "in the interests of judicial administration," when they learn that those claims are properly characterized as compulsory counterclaims in another pending action. *See Inforizons, Inc. v. VED Software Services, Inc.*, 204 F.R.D. 116, 118 (N.D.Ill.2001); *see also Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F.Supp.2d 161 (E.D.N.Y.1999) (applying counterclaim rule and first-filed rule).

■ A claim is deemed to be a compulsory counterclaim under the logical relationship test where it arises from the same transaction and the same operative facts serve as the basis for both claims, or the aggregate core of facts upon which the claim rests activates additional legal rights in the defendant. *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1361 (5th Cir.1979).

■ Blue Cross does not contest that the claims it seeks to bring in this case satisfy the logical relationship test, but argues that its claims cannot be considered to be compulsory counterclaims in the prior suit because the state court cannot exercise jurisdiction over the claims Blue Cross seeks to bring under ERISA, as those claims are within the exclusive jurisdiction of federal courts. *See* 29 U.S.C. § 1132(a)(3). Absent state court jurisdiction over claims, compulsory counterclaim rules do not bar claims in federal court. *See Brannan v. Eisenstein*, 804 F.2d 1041, 1044–45 (8th Cir.1986).

■ First, Blue Cross's argument only applies to its claims asserted under ERISA, not its alternative claim under provisions of the United States Constitution. Second, this case is distinguishable from cases in which a counterclaim could not be asserted in state court based on exclusivity of jurisdiction in the federal district court because Blue Cross filed its Answer omitting the counterclaims in federal, not state, court. *See Norman Hobbs, et al. v. Blue Cross and Blue Shield of Alabama*, Civ. Action No. 99–S–1161–N (Doc. # 2). The Answer was filed while the

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

case was pending in federal court, before the appeal to the Eleventh Circuit Court of Appeals. The fact that the state court could not have heard the claims had they been filed in state court is not determinative, therefore.

Blue Cross's omission of the compulsory counterclaims was contrary to Federal Rule of Civil Procedure 13(a) at the time the Answer was filed. Further, the claims brought here could not have been asserted as counterclaims in a supplemental pleading, as the limited circumstances under which supplemental pleadings are allowed to add compulsory counterclaims would not apply. *See* Fed.R.Civ.Pro. 13(e).

Although the Eleventh Circuit ultimately determined that the federal district court did not have subject matter jurisdiction over the complaint filed by Hobbs, the pleading filed by Blue Cross, which still governs its defenses in the state court case, omitted the compulsory counterclaims which Blue Cross now seeks to bring in a separate case before this court. Had Blue Cross presented its counterclaims in a timely manner, the issue of the existence of federal jurisdiction, at least over those claims, could have been put before the Eleventh Circuit Court of Appeals when it reviewed the Magistrate Judge's determination that the court had subject matter jurisdiction over Hobbs' complaint. Instead, Blue Cross seeks a different basis of invoking federal question jurisdiction in order to have this court make a determination as to defensive preemption, even though the Eleventh Circuit concluded that this court did not have federal question jurisdiction over Hobb's complaint to make the defensive preemption determination. *See Shmuel Shmueli, Bashe, Inc.*, 68 F.Supp.2d at 166 ("Where plaintiffs' objective in bringing the duplicative action is to circumvent prior orders of the original court, it should hardly need saying that the court where the duplicative action is brought may not lend its hand to the advancement of such tactics.").

The substance of the arguments Blue Cross seeks to make as to ERISA defensive preemption, if not the breadth of the relief it seeks here, is now before the state court in the form of the affirmative defenses Blue Cross has raised to Hobbs' complaint. Blue Cross is only barred from asserting separate claims for relief in this litigation.[2] A contrary decision which would allow Blue Cross to proceed with piecemeal litigation contravenes the purposes of Rule 13(a). *See John Alden Life Ins. Co.*, 591 F.Supp. at 366 ("This action constitutes the type of claim splitting which contravenes the objectives of Rule 13(a)"). Accordingly, the court finds that the Motion to Dismiss is due to be GRANTED.[3]

### IV. *CONCLUSION*

For the reasons discussed above, the court concludes that the Motion to Dismiss is due to be GRANTED and the claims brought by Blue Cross are due to be DISMISSED without prejudice. A separate Order will be entered in accordance with this Memorandum Opinion.

---

**2.** Blue Cross might also seek the state court's approval to amend his Answer to assert his counterclaim based on the United States Constitution.

**3.** As the Motion to Dismiss is due to be GRANTED on this ground, the court need not address the other arguments advanced by Hobbs in support of his Motion to Dismiss.